GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
HEATHER RICHARDSON, SBN 246517
  hrichardson@gibsondunn.com
BRANDON J. STOKER, SBN 277325
  bstoker@gibsondunn.com
SAMUEL ECKMAN, SBN 308923
  seckman@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERICHO NICOLAS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>        Defendant. | CASE NO. 4:19-cv-08228-PJH<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:    April 15, 2020<br>Hearing Time:   9:00 a.m.<br>Hearing Place:  Courtroom 3<br>Judge:         Hon. Phyllis J. Hamilton |

Gibson, Dunn &
Crutcher LLP

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT – CASE NO. 4:19-cv-08228-PJH

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 15, 2020, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Phyllis J. Hamilton in Courtroom 3 of the United States District Court for the Northern District of California in the Oakland Courthouse, Third Floor, 1301 Clay Street, Oakland, California, Defendant Uber Technologies, Inc. will and hereby does move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiffs' Class Action – First Amended Complaint ("FAC") with respect to Plaintiffs Mark Glinoga, Kevin Neely, and Alexis Gonzalez. The FAC should be dismissed because it fails to state a plausible claim on which relief can be granted.

Uber's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, any other matters of which the Court may take judicial notice, other documents on file in this action, and any oral argument of counsel.

Dated: March 5, 2020

GIBSON, DUNN & CRUTCHER LLP

By: _____ */s/ Theane Evangelis* _____
Theane Evangelis

Attorneys for Defendant UBER TECHNOLOGIES, INC.

Gibson, Dunn & Crutcher LLP

1
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT – CASE NO. 4:19-CV-08228-PJH

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION .................................................................................. 1

II.   FACTUAL AND PROCEDURAL BACKGROUND.................................. 2

      A.    The *O'Connor* Action And Class Settlement........................... 2

      B.    The Instant Action ................................................................. 4

III.  LEGAL STANDARD ........................................................................ 5

IV.   ARGUMENT ................................................................................... 6

      A.    With The Exception Of Their PAGA Claim, Plaintiffs Fail To Allege Any
            Claims That Are Not Precluded By The *O'Connor* Settlement Agreement................ 6

      B.    All Of Plaintiffs' Claims Also Fail For Independent Reasons..................................... 9

            1.    Plaintiffs Fail To Allege Facts To Support Their Claim That Uber Did
                  Not Timely Pay Wages (Count I)............................................. 9

            2.    Plaintiffs Fail To Allege Facts To Support Their Minimum Wage And
                  Overtime Claims (Counts II, V, and VI)................................... 10

            3.    There Is No Private Right Of Action For Failure To Maintain Required
                  Records (Count III). .............................................................. 12

            4.    Plaintiffs Fail To Allege Facts To Support Their Wage Statements
                  Claim (Count IV). ................................................................. 12

            5.    Plaintiffs Fail To Allege A Viable Predicate Violation To Support
                  Their UCL And PAGA Claims (Counts VII and VIII)................. 13

            6.    Plaintiffs Fail To Allege Compliance With PAGA's Procedural
                  Prerequisites (Count VIII)..................................................... 15

            7.    There Is No Private Cause Of Action For Plaintiffs' Willful
                  Misclassification Claim And, Even If There Were, Plaintiffs Fail To
                  Allege Facts To Support This Claim (Count IX). ..................... 16

V.    CONCLUSION .............................................................................. 18

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .................................................................................1, 5, 6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................................5, 6

*Byrd v. Masonite Corp.,*
    2016 WL 756523 (C.D. Cal. Feb. 25, 2016) ...........................................12, 13

*Caliber Bodyworks, Inc. v. Superior Court,*
    134 Cal. App. 4th 365 (2005) .................................................................15

*Cordell v. PICC Lines Plus LLC,*
    2016 WL 4702654 (N.D. Cal. Sept. 8, 2016) ..............................................12

*Cousins v. Lockyer,*
    568 F.3d 1063 (9th Cir. 2009) .................................................................5

*Elliot v. Spherion Pac. Work, LLC,*
    572 F. Supp. 2d 1169 (C.D. Cal. 2008) .....................................................15

*Feao v. UFP Riverside, LLC,*
    2017 WL 2836207 (C.D. Cal. June 29, 2017) ............................................12

*Hollingsworth v. Perry,*
    570 U.S. 693 (2013) ...............................................................................15

*Kellgren v. Petco Animal Supplies, Inc.,*
    2013 WL 12076473 (S.D. Cal. Sept. 13, 2013) .........................................18

*Kim v. Reins Int'l Cal., Inc.,*
    18 Cal. App. 5th 1052 (2017).................................................................14

*Landers v. Quality Commc'ns, Inc.,*
    771 F.3d 638 (9th Cir. 2014).................................................................11

*Lee v. Postmates Inc.,*
    2018 WL 6605659 (N.D. Cal. Dec. 17, 2018) .........................................16

*Low v. LinkedIn Corp.,*
    900 F. Supp. 2d 1010 (N.D. Cal. 2012) .....................................................9

*Magadia v. Wal-Mart Associates, Inc.,*
    384 F. Supp. 3d 1058 (N.D. Cal. 2019) ...................................................13

Gibson, Dunn &
Crutcher LLP

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT – CASE NO. 4:19-CV-08228-PJH

Page(s)

*Noe v. Superior Court*,
   237 Cal. App. 4th 316 (2015)..............................................................................17

*O'Connor v. Uber Techs., Inc.*,
   2019 WL 4394401 (N.D. Cal. Sept. 13, 2019) ....................................2, 3, 4, 6, 7, 8, 9

*Parks Sch. of Bus. v. Symington*,
   51 F.3d 1480 (9th Cir. 1995).................................................................................5

*Partida v. Stater Bros. Markets*,
   2019 WL 1601387 (C.D. Cal. Feb. 19, 2019) ........................................................10

*Perez v. DNC Parks & Resorts at Asilomar, Inc.*,
   2019 WL 5618169 (E.D. Cal. Oct. 31, 2019) .........................................................10

*Perez v. Wells Fargo & Co.*,
   75 F. Supp. 3d 1184 (N.D. Cal. 2014) ..................................................................12

*Price v. Starbucks Corp.*,
   192 Cal. App. 4th 1136 (2011)..............................................................................15

*Rangel v. PLS Check Cashers of Cal., Inc.*,
   899 F.3d 1106 (9th Cir. 2018)................................................................................7

*Raquedan v. Centerplate of Delaware Inc.*,
   2018 WL 3368820 (N.D. Cal. July 10, 2018)........................................................6, 9

*Rein v. Providian Fin. Corp.*,
   270 F.3d 895 (9th Cir. 2001)..................................................................................7

*Rio v. Uber Techs., Inc.*,
   2016 WL 10837864 (N.D. Cal. Mar. 28, 2016)......................................................11

*Romano v. SCI Direct, Inc.*,
   2017 WL 8292778 (C.D. Cal. Nov. 27, 2017)........................................................17

*Rosset v. Hunter Eng'g Co.*,
   2014 WL 3569332 (N.D. Cal. July 17, 2014).........................................................16

*Ruyan Investment Holdings Ltd. v. Smoking Everywhere, Inc.*,
   2011 WL 13218017 (C.D. Cal. Aug. 22, 2011) ........................................................6

*Scott v. Kuhlmann*,
   746 F.3d 1377 (9th Cir. 1984) ...............................................................................6

*Soratorio v. Tesoro Refining & Marketing Co.*,
   2017 WL 8220415 (C.D. Cal. Sept. 11, 2017)........................................................10

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT – CASE NO. 4:19-CV-08228-PJH

Page(s)

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ...........................................................................................................14

*Suarez v. Bank of America Corp.*,
    2018 WL 2431473 (N.D. Cal. May 30, 2018) ......................................................................12

*Tan v. Grubhub, Inc.*,
    171 F. Supp. 3d 998 (N.D. Cal. 2016) ..................................................................................15

*Thomas v. Home Depot USA Inc.*,
    527 F. Supp. 2d 1003 (N.D. Cal. 2007) ................................................................................15

*Thurman v. Bayshore Transit Mgmt., Inc.*,
    203 Cal. App. 4th 1112 (2012) .............................................................................................17

*Villalpando v. Exel Direct Inc.*,
    2014 WL 1338297 (N.D. Cal. Mar. 28, 2014) ......................................................................16

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ..............................................................................................18

*Yucesoy v. Uber Techs., Inc.*,
    2015 WL 6955140 (N.D. Cal. Nov. 10, 2015) ......................................................................12

**Statutes**

Cal. Lab. Code § 226(e)(1) ...........................................................................................................13

Cal. Lab. Code § 226.8(a) ..............................................................................................................8

Cal. Lab. Code § 226.8(i)(4) .........................................................................................................17

Cal. Lab. Code § 2699(a) ..............................................................................................................14

Cal. Lab. Code § 2699(c) ..............................................................................................................14

Cal. Lab. Code § 2699.3(a)(1) ......................................................................................................15

Cal. Lab. Code § 2699.3(a)(2) ......................................................................................................15

Cal. Lab. Code § 2750.3(j) ............................................................................................................17

**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................................................5

Gibson, Dunn &
Crutcher LLP

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT – CASE NO. 4:19-CV-08228-PJH

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.       INTRODUCTION

Plaintiffs' operative Class Action – First Amended Complaint ("FAC") alleges that Defendant Uber Technologies, Inc. ("Uber") misclassified Plaintiffs and similarly situated individuals as independent contractors rather than employees since at least April 2018 and, consequently, violated various federal and state wage-and-hour laws applicable to employees.  As explained in Uber's concurrently filed motion to compel arbitration, most of the named Plaintiffs agreed to arbitrate these claims, and this Court should therefore order those Plaintiffs to honor their arbitration agreements without addressing the merits of their claims.  But with respect to the three Plaintiffs who validly opted out of arbitration—Mark Glinoga, Kevin Neely, and Alexis Gonzalez—this Court should dismiss their claims for two independent reasons.[1]

*First*, the vast majority of these Plaintiffs' claims are covered by a Class Action Settlement and Release (the "*O'Connor* Settlement Agreement") approved by Judge Chen more than a year after Uber allegedly began to misclassify Plaintiffs in April 2018.  None of the Plaintiffs opted out of the settlement, and with the exception of a single claim under California's Private Attorneys General Act ("PAGA"), Plaintiffs have not alleged claims that are beyond the scope of the *O'Connor* Settlement Agreement.  As a result, these claims are barred by well-established principles of preclusion.

*Second*, Plaintiffs fail to state a cognizable claim with respect to any of the nine counts asserted in the FAC.  Several of the claims asserted in the FAC cannot be brought by a private plaintiff, and all of Plaintiffs' claims fail because the FAC lacks "factual allegations . . . plausibly suggest[ing] an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  The FAC does not allege any facts about the three Plaintiffs who validly opted out of arbitration (or the 46 Plaintiffs who did not, for that matter) beyond their names and California residence.  For example, it does not indicate how many hours they worked, how much they were paid, when they were paid, or where they were paid.  Instead, the FAC contains only conclusory allegations and legal conclusions, which are insufficient to withstand a motion to dismiss.  And because Plaintiffs fail to state a claim directly under federal and state wage-

---

[1] Uber reserves the right to move to dismiss the claims of the remaining Plaintiffs should the Court hold that those claims are not subject to arbitration.

and-hour laws in light of the *O'Connor* Settlement Agreement's preclusive effect and federal pleading standards, their derivative claims under PAGA and the California Unfair Competition Law ("UCL") also must fail.

Accordingly, with respect to the three Plaintiffs whose claims are properly before this Court, the Court should dismiss the FAC in its entirety.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     The *O'Connor* Action And Class Settlement

Uber is a technology company that connects individuals in need of rides ("riders") with independent transportation providers searching for passengers ("drivers").  FAC ¶ 15.  Uber provides its technology through the Uber App, which drivers can license for a service fee.  *Id.*

On August 16, 2013, a group of drivers filed a class action complaint in the Northern District of California "on behalf of Uber drivers who have been misclassified as independent contractors," alleging a variety of associated wage-and-hour violations under California law.  *O'Connor v. Uber Techs., Inc.*, No. 3:13-cv-03826 (N.D. Cal.), Dkt. 1 at ¶ 3.  After consolidation with a related case that had been filed in the District of Massachusetts and "[f]ive years of contentious litigation . . . [,] [t]he parties eventually entered into an agreement to settle both suits."  *O'Connor v. Uber Techs., Inc.*, 2019 WL 4394401, at *1 (N.D. Cal. Sept. 13, 2019).  As Judge Chen, who presided over the action, observed, "[t]he Settlement Agreement cover[ed] 'all Drivers in California and Massachusetts who have used the Uber App at any time since August 16, 2009, up to and including February 28, 2019, and who have validly opted out of arbitration or for whom Uber has no record of acceptance of an arbitration agreement.'"  *Id.*

The *O'Connor* Settlement Agreement "contain[ed] an expansive release provision, requiring Class Members to release 'any and all' claims 'based on or reasonably related to the claims asserted in'" the underlying cases.  *Id.*  Specifically, it provided that absent class members released:

> ***any and all past and present claims***, actions, demands, causes of action, suits, debts, obligations, damages, rights or liabilities, of any nature and description whatsoever, ***known or unknown, existing or potential, recognized now or hereafter, expected or unexpected, pursuant to any theory of recovery*** (including, but not limited to those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, or regulation, and for claims for compensatory, consequential, punitive or exemplary damages, statutory damages, penalties, interest, attorneys' fees, costs, or

disbursements, including, but not limited to, those incurred by Class Counsel or any other counsel representing the Named Plaintiffs or any Settlement Class Members, other than those expressly awarded by the Court in the Fee and Expense Award authorized by this Agreement) that are ***based on or reasonably related to the claims asserted in the Action***, including in the Amended Complaints for Settlement, and specifically the following claims based on or reasonably relating to claims asserted or alleged in the Action:

a) claims for unpaid wages (including without limitation claims for minimum wage, regular wages, overtime, final wages, calculation of the correct overtime or regular rate, and meal period and rest period premiums), expense reimbursements, interest, and penalties (including waiting time penalties pursuant to California Labor Code section 203, and wage statement penalties pursuant to California Labor Code section 226);

b) claims pursuant to California Labor Code sections 200-204, 206.5, 207, 208, 210-214, 216, 218, 218.5, 218.6, 221-224, 225.5, 226, 226.3, 226.7, 226.8, 227, 227.3, 245-249, 351, 353, 432.5, 450, 510, 512, 551-552, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1194.3, 1197, 1197.1, 1198, 2753, 2802, and 2804;

c) claims pursuant to California Code of Civil Procedure section 1021.5;

d) claims pursuant to California Code of Regulations, Title 8, sections 11010 and 11040;

e) claims pursuant to Industrial Welfare Commission Wage Orders;

f) claims under California Business and Professions Code sections 17200, et seq. and 17500;

g) claims under California common law to recover any alleged tip or expense;

. . .

o) all claims, including common law claims, arising out of or related to the statutory causes of action described herein.

*O'Connor v. Uber Techs., Inc.*, No. 3:13-cv-03826 (N.D. Cal.), Dkt. 916-1 at ¶ 98 (emphases added).[2]

In exchange, Uber agreed to adopt a number of changes to its business practices, including drafting a comprehensive, written deactivation policy, implementing a formal process for appealing deactivation decisions, and providing a course for deactivated drivers to regain access to the Uber App. *Id.* at ¶ 127. It also agreed to pay $20 million into a non-reversionary settlement fund, *id.* at ¶¶ 117–18, with "[e]ach claimant's share . . . calculated in proportion with the number of miles he or she drove for Uber," *O'Connor*, 2019 WL 4394401, at *2. As the district court observed, "Plaintiffs' counsel estimate[d] that Class Members who drove 0–1,000 miles w[ould] receive approximately $360, those

---

[2] *See* Request for Judicial Notice, Exhibit A. For ease of reference, Uber cites the *O'Connor* Settlement Agreement herein as "Ex. A."

Gibson, Dunn & Crutcher LLP

who drove 10,000 miles w[ould] receive $4,000, and those who drove 100,000 miles w[ould] receive $36,000," with "[t]he average settlement share for each claiming Class Member . . . approximately $2,206." *Id.*

The district court granted final approval of the *O'Connor* Settlement Agreement on September 13, 2019, concluding that "the Settlement Agreement is fair, reasonable, and adequate," and "in the best interests of the Named Plaintiffs and members of the Settlement Class." *Id.* at *6. In doing so, the district court emphasized that "[t]he Settlement Agreement and this Order are binding on, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings . . . that encompass the Settlement Class Members' Released Claims . . . and that are maintained by or on behalf of any Settlement Class Member who has not been excluded from the Settlement Class as provided in the Opt-Out List approved by this Order." *Id.* at *10. Only two individuals—Malden M. Moritz and James Reinking—opted out of the *O'Connor* Settlement Agreement. *O'Connor v. Uber Techs., Inc.*, No. 3:13-cv-03826 (N.D. Cal.), Dkt. 957-1 at ¶¶ 8–10 & Ex. C. Neither Mortiz nor Reinking are plaintiffs here.

**B.     The Instant Action**

On December 18, 2019, just over three months after the *O'Connor* Settlement Agreement received final approval from Judge Chen, Plaintiffs filed this putative class action on behalf of "[a]ll persons who worked as ride-share drivers for UBER (hereinafter referred to as 'Ride-share drivers'), from April 2018 to the present, who opted out of the arbitration provision." FAC ¶ 55. According to the operative FAC, "[s]ince the inception of UBER's ride-sharing service, Class Members have been treated as independent contractors so that they are not entitled to any of the protections an employee would have under California law." *Id.* at ¶ 19. The FAC asserts nine counts, including (1) failure to timely pay earned wages, *id.* at ¶¶ 65–74; (2) failure to pay minimum wages under California law, *id.* at ¶¶ 75–84; (3) failure to properly maintain records, *id.* at ¶¶ 85–88; (4) failure to provide accurate wage statements, *id.* at ¶¶ 89–94; (5) failure to pay minimum wages under federal law, *id.* at ¶¶ 95–100; and (6) failure to pay overtime under federal law, *id.* at ¶¶ 101–09. Based on these alleged violations of state and federal law, Plaintiffs also alleged derivative claims under (7) California's Unfair Competition Law, *id.* at ¶¶ 110–19, and (8) California's Private Attorneys General Act, *id.* at

Gibson, Dunn &
Crutcher LLP

¶¶ 120–30.  Finally, Plaintiffs asserted a claim for (9) misclassification under California Labor Code section 2750.3.  *Id.* at ¶¶ 131–35.

Although this action is brought on behalf of 49 named Plaintiffs,[3] the FAC provides no information about any of them beyond their names and California residence.  *See id.* at ¶ 11.  For example, the FAC alleges that "UBER failed to pay Plaintiffs and other Class Members minimum wage and/or overtime, and UBER did not reimburse for work-related expenses, such as mileage and cell phone usage," *id.* at ¶ 3, but does not allege facts concerning the hours worked by any particular plaintiff or the corresponding hourly rate paid to that plaintiff during those pay periods.  Similarly, the FAC alleges that "UBER failed to: (1) provide final paychecks immediately upon involuntary termination or within 72 hours of voluntary separation; (2) pay final wages at the location of employment; and (3) include all wages due in the final paychecks," *id.* at ¶ 5, but does not allege which, if any, plaintiffs even terminated their relationship with Uber and when and where they in fact received their final paychecks.

## III.    LEGAL STANDARD

A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged.  *See* Fed. R. Civ. P. 12(b)(6); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face,'" meaning that a plaintiff must "plead[] factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).  Although a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal."  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Rather, courts follow a two-step approach when evaluating the plausibility of a complaint.  First, the court pares all conclusory statements and allegations from the complaint,

---

[3]  All but three named Plaintiffs agreed to arbitrate their disputes with Uber.  Uber brings this motion to dismiss only with respect to the three Plaintiffs who are not bound to arbitrate—Mark Glinoga, Kevin Neely, and Alexis Gonzalez.  *See* Mot. to Compel Arbitration at 2 n.3; *id.* at 4 n.4.

Gibson, Dunn & Crutcher LLP

*Twombly*, 550 U.S. at 555, and second, the court reviews the complaint's remaining factual allegations to determine whether they "plausibly" entitle the plaintiff to relief, or whether they raise a "mere possibility of misconduct," *Iqbal*, 556 U.S. at 678–80.

## IV.   ARGUMENT

### A.   With The Exception Of Their PAGA Claim, Plaintiffs Fail To Allege Any Claims That Are Not Precluded By The *O'Connor* Settlement Agreement.

The vast majority of Plaintiffs' claims should be dismissed in light of the *O'Connor* Settlement Agreement, which released all but Plaintiffs' PAGA claim and thus has preclusive effect here.  It is well established that "[a] court can . . . dismiss a case under Rule 12(b)(6) because it is barred by res judicata so long as no facts are in dispute" and, "[s]imilarly, a case can be dismissed under Rule 12(b)(6) on the ground that it is barred by a previous settlement agreement so long as the parties do not dispute the existence of the settlement agreement."  *Ruyan Investment Holdings Ltd. v. Smoking Everywhere, Inc.*, 2011 WL 13218017, at *3 (C.D. Cal. Aug. 22, 2011).  In fact, the Ninth Circuit "affirm[ed] the district court's order of dismissal . . . as *res judicata*" in *Scott v. Kuhlmann*, 746 F.3d 1377, 1378 (9th Cir. 1984) (per curiam), explaining that "[o]rdinarily affirmative defenses may not be raised by motion to dismiss, but this is not true when, as here, the defense raises no disputed issues of fact."

These conditions are plainly satisfied here.  There is no ground to dispute "the existence of the settlement agreement," *Ruyan Investment Holdings*, 2011 WL 13218017, at *3, which was distributed to all members of the *O'Connor* class through a third-party claims administrator, entered publicly on the *O'Connor* docket, and approved by Judge Chen, *see O'Connor*, 2019 WL 4394401, at *3, 6.  And "no facts are in dispute," *id.*, concerning the preclusive effect of the *O'Connor* Settlement Agreement. "*Res judicata*, or claim preclusion, applies when three requirements are satisfied: (1) the prior proceeding resulted in a final judgment on the merits; (2) the present action involves substantively the same claims or causes of action as the prior proceeding; and (3) the party to be precluded was a party or in privity with a party to the prior proceeding."  *Raquedan v. Centerplate of Delaware Inc.*, 2018 WL 3368820, at *5 (N.D. Cal. July 10, 2018).  Each of these factors can be resolved in favor of preclusion as a matter of law.

Gibson, Dunn & Crutcher LLP

**First**, the *O'Connor* Settlement Agreement constitutes a final judgment on the merits. "It is well-settled that a class settlement resulting in final judgment is sufficient to meet the 'final and on the merits' element of res judicata, and 'is as conclusive a bar as a judgment rendered after trial.'" *Rangel v. PLS Check Cashers of Cal., Inc.*, 899 F.3d 1106, 1110 (9th Cir. 2018); *see also Rein v. Providian Fin. Corp.*, 270 F.3d 895, 903 (9th Cir. 2001) ("A judicially approved settlement agreement is considered a final judgment on the merits."). Indeed, the order granting final approval to the *O'Connor* Settlement Agreement made this point clear: "The Settlement Agreement and this Order are binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings . . . that encompass the Settlement Class Members' Released Claims," and therefore "permanently bar and enjoin the . . . Settlement Class Members . . . from (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the . . . Settlement Class Members' Released Claims." *O'Connor*, 2019 WL 4394401, at *10.

**Second**, this action involves substantively the same claims or causes of action as those released in the *O'Connor* Settlement Agreement. As noted above, the "'Settlement Class Members' Released Claims'" include "all past and present claims . . . of any nature and description whatsoever, known or unknown, existing or potential, recognized now or hereafter, expected or unexpected, pursuant to any theory of recovery . . . based on or reasonably related to the claims asserted in" the *O'Connor* action. Ex. A at ¶ 98; *see also O'Connor*, 2019 WL 4394401, at *1 (acknowledging that "the Settlement Agreement contains an expansive release provision, requiring Class Members to release 'any and all' claims 'based on or reasonably related to the claims asserted in'" that action). The *O'Connor* Settlement Agreement went even further by "also requiring the Plaintiffs to file amended complaints expanding the causes of action to include all claims related to the alleged misclassification of drivers as independent contractors." *O'Connor*, 2019 WL 4394401, at *1.

In fact, the *O'Connor* Settlement Agreement *expressly* releases nearly all of the claims alleged in the FAC:

- First Cause of Action – "Failure to Pay Timely Earned Wages During Employment and Upon Separation of Employment in Violation of California Labor Code §§ 201, 202, 203, 204, 218.5 and 218.6." *But see* Ex. A at ¶ 98(b) (releasing "claims pursuant to California Labor Code sections 200-204, . . . 218.5, 218.6 . . .");

Gibson, Dunn & Crutcher LLP

- Second Cause of Action – "Failure to Pay Minimum Wages in Violation of California Labor Code §§ 1182.12, 1194, 1194.2, 1197, and Wage Order No. 4-2001 § 3(a)." *But see* Ex. A at ¶ 98(b) (releasing "claims pursuant to California Labor Code sections . . . 1182.12, 1194, 1194.2, . . . 1197 . . ."); *id.* at ¶ 98(e) (releasing "claims pursuant to Industrial Welfare Commission Wage Orders");

- Third Cause of Action – "Failure to Maintain Required Records in Violation of California Labor Code § 1174.5 and Wage Order No. 4, § 7." *But see* Ex. A at ¶ 98(b) (releasing "claims pursuant to California Labor Code sections . . . 1174.5 . . ."); *id.* at ¶ 98(e) (releasing "claims pursuant to Industrial Welfare Commission Wage Orders");

- Fourth Cause of Action – "Penalties for Violations of California Labor Code § 226 for Failure to Provide Accurate Wage Statements." *But see* Ex. A at ¶ 98(b) (releasing "claims pursuant to California Labor Code sections . . . 226 . . .");

- Fifth Cause of Action – "Failure to Pay Required Minimum Wages in Violation of Fair Labor Standards Act ('FLSA'), 29 U.S.C. § 206." *But see* Ex. A at ¶ 98(a) (releasing "claims for unpaid wages (including without limitation claims for minimum wage . . . ) . . .");

- Sixth Cause of Action – "Failure to Pay Required Overtime Wages in Violation of FLSA, 29 U.S.C. § 207; 29 CFR § 778.106." *But see* Ex. A at ¶ 98(a) (releasing "claims for unpaid wages (including without limitation claims for . . . overtime . . .) . . .");

- Seventh Cause of Action – "Claim Under the California Unfair Business Practices Act, California Business and Professions Code §§ 17200, *et seq.*" *But see* Ex. A at ¶ 98(f) (releasing "claims under California Business and Professions Code sections 17200, *et seq.* and 17500");

- Ninth Cause of Action – "Claim for Injunctive Relief for Violation of California Labor Code § 2750.3 for Misclassification of Employees as Independent Contractors under the ABC Test." *But see* Ex. A at ¶ 98 (releasing "claims pursuant to California Labor Code sections . . . 226.8"[4]).

The only exception is Plaintiffs' PAGA claim. And while PAGA claims are carved out from the *O'Connor* Settlement Agreement, *see O'Connor*, 2019 WL 4394401, at *1 ("[T]his Settlement Agreement does not include any PAGA claims and would not release any PAGA claims."), Plaintiffs' PAGA claim still fails because Plaintiffs fail to state a viable predicate violation of the California Labor Code and fail to properly plead compliance with PAGA's procedural requirements, *see infra*, Part IV.B.5–6. Otherwise, all of the claims asserted in the FAC are substantively identical to the claims in the *O'Connor* Settlement Agreement and thus precluded.

---

[4] Although Plaintiffs assert their willful misclassification claim under the newly enacted Assembly Bill 5, Cal. Lab. Code § 2750.3, that provision merely outlines the substantive standard governing certain misclassification claims. Those claims are still brought under California Labor Code section 226.8. *See* Cal. Lab. Code § 226.8(a) ("It is unlawful for any person or employer to engage in any of the following activities: (1) Willful misclassification of an individual as an independent contractor."); *see also infra*, Part IV.B.7.

Gibson, Dunn & Crutcher LLP

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT – CASE NO. 4:19-CV-08228-PJH

*Third*, Plaintiffs are parties to the *O'Connor* Settlement Agreement. The *O'Connor* Settlement Agreement "covers all Drivers in California and Massachusetts who have used the Uber App at any time since August 16, 2009, up to and including February 28, 2019, and who have validly opted out of arbitration or for whom Uber has no record of acceptance of an arbitration agreement." *Id.* The named Plaintiffs here "are each a natural person and a citizen of the State of California," FAC ¶ 11, and they seek to represent a putative class of "[a]ll persons who worked as ride-share drivers for UBER (hereinafter referred to as 'Ride-share drivers'), *from April 2018* to the present, who *opted out of the arbitration provision*," *id.* at ¶ 55 (emphases added). And while two individuals opted out of the *O'Connor* Settlement Agreement—Malden M. Moritz and James Reinking—neither is a named Plaintiff here. This is sufficient to render the *O'Connor* Settlement Agreement preclusive with respect to Plaintiffs. *See Raquedan*, 2018 WL 3368820, at *5 (holding that "the party to be precluded [must be] a party or in privity with a party to the prior proceeding").

Because there can be no factual dispute concerning the existence of the *O'Connor* Settlement Agreement, and because Plaintiffs have not pled claims beyond the *O'Connor* Settlement Agreement's preclusive scope, the Court should dismiss with prejudice all claims asserted in the FAC (save for Plaintiffs' PAGA claim) on preclusion grounds. *See Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1028 (N.D. Cal. 2012) (dismissing with prejudice where "amendment would be futile").

## B. All Of Plaintiffs' Claims Also Fail For Independent Reasons.

Irrespective of the *O'Connor* Settlement Agreement, each of Plaintiffs' claims—including their PAGA claim—should be dismissed for failure to state a claim on which relief can be granted.

### 1. Plaintiffs Fail To Allege Facts To Support Their Claim That Uber Did Not Timely Pay Wages (Count I).

In support of their claim that Uber has failed to timely pay earned wages during employment and upon separation of employment, Plaintiffs offer only the conclusory assertion that "Plaintiffs and Class Members were not properly paid pursuant to the requirements of Labor Code §§ 201, 202, and 204" and "[t]o date, for example, Defendants have not paid Plaintiffs all earned wages." FAC ¶ 71; *see also id.* at ¶ 72 ("Plaintiffs and Class Members are informed and believe and based thereon allege that Defendants willfully failed to pay Plaintiffs' wages pursuant to the requirements of Labor Code

Gibson, Dunn & Crutcher LLP

9

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT – CASE NO. 4:19-CV-08228-PJH

§§ 201, 202, and 204, after Plaintiffs' demand, and therefore Plaintiffs are entitled [to] the associated unpaid wages and waiting time penalties [under Labor Code § 203].").

Crucially, Plaintiffs do not allege which (if any) of them no longer have a relationship with Uber, the reason the relationship ended,[5] when they were paid during their relationship and after its termination, and when and in what form they made a demand for payment. Courts routinely dismiss claims that lack such factual development. *See, e.g.*, *Perez*, 2019 WL 5618169, at *9 (dismissing claim where "plaintiff alleges merely that 'DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202' and then parrots 'the language of the applicable statutory provisions and does not provide any supporting factual allegations'"); *Partida v. Stater Bros. Markets*, 2019 WL 1601387, at *7 (C.D. Cal. Feb. 19, 2019) ("The Court finds that Plaintiff's allegations are insufficient to survive dismissal. Plaintiff does not provide facts describing the date of her own purported termination, the date she received her own final paycheck, its amount, or the amount she purportedly should have received."); *Soratorio v. Tesoro Refining & Marketing Co.*, 2017 WL 8220415, at *3 (C.D. Cal. Sept. 11, 2017) ("Plaintiff, contending that he adequately pled willfulness, points solely to his allegation that '[a]lthough Plaintiff and certain members of the proposed CLASS brought these issues of untimely payment upon separation of employment with [Tesoro], all such complaints proved fruitless.' This unadorned allegation, without more, does not plausibly suggest willfulness. The TAC offers no information about when Plaintiff and 'certain members of the proposed class' complained, how they complained (*e.g.*, in-person, telephone, email), who they complained to, or the response(s) they received.") This court should do the same here.

**2.      Plaintiffs Fail To Allege Facts To Support Their Minimum Wage And Overtime Claims (Counts II, V, and VI).**

Plaintiffs' claims for failure to pay minimum wages and overtime fare no better. With respect to the former claims, the FAC alleges only that "Class Members including Plaintiffs have not been paid

---

[5]  This is important because a "plaintiff cannot seek relief under both §§ 201 and 202, as plaintiff could not have both resigned and been terminated at the same time." *Perez v. DNC Parks & Resorts at Asilomar, Inc.*, 2019 WL 5618169, at *9 (E.D. Cal. Oct. 31, 2019).

Gibson, Dunn &
Crutcher LLP

10

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT – CASE NO. 4:19-CV-08228-PJH

minimum wages for all hours suffered or permitted to work in violation of the minimum wage provisions of California Labor Code §§ 1182.12, 1194.2, and 1197, and IWC Wage Order No. 4-2001, § 4(A)," FAC ¶ 80, and that "Defendants have willfully and intentionally failed to pay Plaintiffs and Class Members minimum wage as required by 29 U.S.C. § 206," *id.* at ¶ 96.  With respect to Plaintiffs' overtime claims, the FAC similarly alleges that "Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and Class Members overtime wages as required by 29 U.S.C. § 207," *id.* at ¶ 103, and "have failed to comply with California Labor Code § 510 in that they fail to timely pay overtime wages to Plaintiffs and Class Members," *id.* at ¶ 107.

But as the Ninth Circuit explained in *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014), "in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours *in a given workweek* without being compensated for the overtime hours worked during that workweek," *id.* at 644–45 (emphasis added); *see also id.* at 645 n.2 ("This reasoning applies with equal force to Landers's minimum wage claims."). The court acknowledged that although "plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer, they should be able to allege facts demonstrating that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages."  *Id.* at 646.  For example, "[a] plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility."  *Id.* at 645.  But where a plaintiff "'merely alleged that [he was] not paid for overtime hours worked,'" the "allegations fail to state a plausible claim under Rule 8."  *Id.* at 646; *see also Rio v. Uber Techs., Inc.*, 2016 WL 10837864, at *3 (N.D. Cal. Mar. 28, 2016) ("Plaintiffs' allegations are devoid of facts; Plaintiffs do not even allege that they were personally not paid overtime or less than minimum wage, let alone a week in which they were not paid overtime or minimum wage."); *Byrd v. Masonite Corp.*, 2016 WL 756523, at *3 & n.6 (C.D. Cal. Feb. 25, 2016) (dismissing minimum wage claim because "[n]owhere in the Complaint does Plaintiff identify a specific instance in which he was denied a minimum wage"); *Perez v. Wells Fargo*

Gibson, Dunn &
Crutcher LLP

*& Co.*, 75 F. Supp. 3d 1184, 1191 (N.D. Cal. 2014) (dismissing minimum wage claims where "there are no details pled as to any specific named plaintiff—not where he/she worked, not what his/her job duties were, not what the circumstances were under which any plaintiff was allegedly not paid minimum wage"); *Yucesoy v. Uber Techs., Inc.*, 2015 WL 6955140, at *3–4 (N.D. Cal. Nov. 10, 2015) (dismissing minimum wage and overtime claims where "Plaintiffs provide no information for how [their] hourly amount was calculated and why Morris's hours logged into the Uber app should be considered compensable time").

Because Plaintiffs cannot state a plausible claim without such factual allegations, this Court should dismiss Plaintiffs' minimum wage and overtime claims.

### 3. There Is No Private Right Of Action For Failure To Maintain Required Records (Count III).

Plaintiffs allege that "Defendants failed to comply with § 7 of IWC Order 4-2001 and with Labor Code § 1174 by failing to maintain certain records which employers are required to maintain," FAC ¶ 87, seeking "any and all available remedies," *id.* at ¶ 88. But there are *no* available remedies for this alleged violation because the Labor Code does not provide a private right of action to enforce these provisions. Because "[t]he plain language of section 1174 suggests that employers must maintain records for inspection by the Labor Commission, not by individual employees," courts have uniformly held that plaintiffs "ha[ve] no private right of action directly under the Labor Code for violation of section 1174(d)." *Cordell v. PICC Lines Plus LLC*, 2016 WL 4702654, at *10 (N.D. Cal. Sept. 8, 2016); *see also Suarez v. Bank of America Corp.*, 2018 WL 2431473, at *10 (N.D. Cal. May 30, 2018) ("There is no private right of action under Labor Code section 1174."); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *8 (C.D. Cal. June 29, 2017) ("The Court therefore agrees that Plaintiff's section 1174(d) claim fails as a matter of law because it does not provide for a private cause of action."). Accordingly, Count III of the FAC should be dismissed.

### 4. Plaintiffs Fail To Allege Facts To Support Their Wage Statements Claim (Count IV).

As with their other claims, Plaintiffs fail to provide anything more than conclusory allegations regarding their wage statements claim. Although they assert that they "never received any wage

statement with all required information set forth under Labor Code § 226 from Defendants, and . . . suffered damages from not receiving wage statements," FAC ¶ 91, Plaintiffs do not identify which wage statements are allegedly deficient, how they were deficient, or what injuries they sustained as a result. This is insufficient to state a claim. *See Byrd*, 2016 WL 756523, at *3 & n.6 (dismissing wage statement claim where "Plaintiff does not identify a single deficient wage statement" but rather "alleges only: 'Defendants have intentionally and willfully failed to provide Plaintiff and other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members'").

Moreover, while Plaintiffs "seek damages, penalties, costs and attorneys' fees pursuant to Labor Code § 226 subdivision (e)," FAC ¶ 93, that provision allows recovery only for "[a]n employee suffering injury as a result of a *knowing and intentional failure* by an employer to comply with subdivision (a)," Cal. Lab. Code § 226(e)(1) (emphasis added). Plaintiffs, however, do not make even a conclusory allegation that Uber's alleged failure to provide accurate wage statements was knowing and voluntary. Thus, the FAC necessarily fails to state a claim. *See Magadia v. Wal-Mart Associates, Inc.*, 384 F. Supp. 3d 1058, 1080 (N.D. Cal. 2019) ("To state a claim for failure to provide accurate . . . wage statements, Plaintiffs must show that (1) Wal-Mart failed to provide compliant wage statements under Cal. Lab. Code § 226(a), (2) Wal-Mart's failure to do so was 'knowing and intentional,' and (3) Plaintiffs were injured as a result.").

**5.      Plaintiffs Fail To Allege A Viable Predicate Violation To Support Their UCL And PAGA Claims (Counts VII and VIII).**

Plaintiffs' UCL and PAGA claims are each predicated on independent violations of federal and state law. *See, e.g.*, FAC ¶ 112 ("Defendants committed the unfair business practices, as defined by Cal. Bus. & Prof. Code § 17200 *et seq.*, by violating the laws alleged to have been violated in this Complaint."); *id.* at ¶ 129 ("Plaintiffs and all other Aggrieved Employees are entitled to recover civil penalties against Defendants, in addition to other remedies, for violations of California Labor Code §§ 201, 202, 203, 204, 226(a), 226.8, 510, 1194, 1197, 1198 and 1770-1773 et seq."). But because those predicate claims fail, the UCL and PAGA claims must fail as well.

*First*, Plaintiffs lack statutory and constitutional standing to assert their PAGA claim. They lack statutory standing because they are not "aggrieved employees" insofar as they do not plead Labor Code claims outside the *O'Connor* Settlement Agreement. *See* Cal. Lab. Code § 2699(a) ("[A]ny provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency . . . may, as an alternative, be recovered through a civil action brought by an aggrieved employee . . . ."); *id.* § 2699(c) ("For purposes of this part, 'aggrieved employee' means any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."). As the California Court of Appeal held in *Kim v. Reins International California, Inc.*, 18 Cal. App. 5th 1052 (2017), *review granted*, 413 P.3d 1132 (Cal. 2018), a party who has settled her underlying Labor Code claims is not an "aggrieved employee": "Here, Kim initially asserted that he had been harmed by Reins's alleged violations of the Labor Code. But by accepting the settlement and dismissing his individual claims against Reins with prejudice, Kim essentially acknowledged that he no longer maintained any viable Labor Code-based claims against Reins. As a result, following the dismissal with prejudice [plaintiff] no longer met the definition of 'aggrieved employee' under the PAGA." *Id.* at 1058–59.

Even if Plaintiffs have statutory standing under PAGA, they lack Article III standing because they do not have a redressable injury-in-fact. As the Supreme Court has explained, because "Article III standing requires a concrete injury even in the context of a statutory violation . . . , a bare procedural violation, divorced from any concrete harm" does not "satisfy the injury in fact requirement of Article III." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Given the satisfaction and release of Plaintiffs' alleged injuries under the California Labor Code, Plaintiffs lack the cognizable injury necessary to satisfy this "'irreducible constitutional minimum' of standing." *Id.* at 1547. That state law may offer a procedural right to bring this claim under PAGA does not change this result, as "[s]tates cannot alter [Article III's standing requirements] simply by issuing to private parties who otherwise lack standing a ticket to the federal courthouse." *Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013) (holding that California law permitting initiative proponents to defend their initiatives in federal court did not establish standing in the absence of an injury-in-fact).

Gibson, Dunn &
Crutcher LLP

14
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS
ACTION COMPLAINT – CASE NO. 4:19-CV-08228-PJH

*Second*, irrespective of the *O'Connor* Settlement Agreement, Plaintiffs' UCL and PAGA claims fail because Plaintiffs have not stated a plausible claim for relief on those predicate claims. As the California Court of Appeal has explained, where "the underlying causes of action fail, the derivative UCL and PAGA claims also fail." *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1147 (2011); *see also Tan v. Grubhub, Inc.*, 171 F. Supp. 3d 998, 1011 (N.D. Cal. 2016) ("Because these claims are derivative of Plaintiffs' first five causes of action, some of which fail to state a claim, so too do the PAGA claims fail to the extent they are premised on insufficient predicate Labor Code violations."); *Elliot v. Spherion Pac. Work, LLC*, 572 F. Supp. 2d 1169, 1182 (C.D. Cal. 2008), *aff'd*, 368 F. App'x 761 (9th Cir. 2010) ("Because all of Plaintiff's other claims fail as a matter of law, so does [the] PAGA claim."). Such is the case here.

### 6. Plaintiffs Fail To Allege Compliance With PAGA's Procedural Prerequisites (Count VIII).

Before filing a PAGA claim, an aggrieved employee must first satisfy certain notice and exhaustion requirements detailed in California Labor Code section 2699.3(a). In particular, an aggrieved employee who wishes to assert a PAGA claim must first (1) give written notice by certified mail to the LWDA and the employer of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation, and (2) wait 30 days for the LWDA to announce whether it will investigate the alleged violations, or, if no such notice is given, wait 33 days from the postmark date of notice before bringing suit. Cal. Lab. Code § 2699.3(a)(1)–(2). Where a plaintiff fails to plead compliance with these pre-filing requirements, a court must dismiss. *See Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007) ("[A] party bringing a civil action must plead compliance with the pre-filing notice and exhaustion requirements."); *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 370–71 (2005) (dismissing PAGA claim because plaintiff did not plead compliance with notice requirement).

Plaintiffs' FAC fails to plead compliance with these pre-filing requirements. Although the FAC alleges that "[o]n or about November 1, 2019, Plaintiffs provided written notice by certified mail to the LWDA and to UBER of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations," FAC ¶ 127, it does not

Gibson, Dunn & Crutcher LLP

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT – CASE NO. 4:19-CV-08228-PJH

Gibson, Dunn &
Crutcher LLP

1  allege that the LWDA either declined to pursue these allegations or failed to respond to Plaintiffs'

2  notice.  On the contrary, Plaintiffs merely allege that "they *will have* satisfied the administrative

3  prerequisites under California Labor Code section 2699.3(a)." *Id.* at ¶ 128 (emphasis added).

4  Such speculation is not only legally insufficient—it is also unjustified.  By the time Plaintiffs

5  filed their original complaint on December 18, 2019, a full 47 days had already elapsed since they

6  allegedly mailed their PAGA notice to the LWDA and Uber.  And by the time they filed the FAC, 66

7  days had elapsed—twice the amount of time required under Labor Code section 2699.3(a).  There is

8  no excuse for Plaintiffs' evasiveness.  Their failure to plead that the LWDA explicitly or implicitly

9  authorized Plaintiffs to bring a PAGA claim within the time allotted by Labor Code section 2699.3(a),

10  when this fact was entirely within their knowledge, should be construed as an admission that it did not.

11  Accordingly, Plaintiffs' PAGA claim should be dismissed.

12  **7.  There Is No Private Cause Of Action For Plaintiffs' Willful Misclassification**

13  **Claim And, Even If There Were, Plaintiffs Fail To Allege Facts To Support This**

14  **Claim (Count IX).**

15  Finally, Plaintiffs fail to state a claim for willful misclassification for two independent reasons.

16  *First*, there is no private right of action for willful misclassification under the California Labor Code.

17  In *Villalpando v. Exel Direct Inc.*, 2014 WL 1338297 (N.D. Cal. Mar. 28, 2014), the court noted that

18  California Labor Code section 226.8, which "provides that '[i]t is unlawful for any person or employer

19  to . . . willful[ly] [misclassify] . . . an individual as an independent contractor' . . . does not reveal a

20  clear legislative intent to create a private right of action under § 226.8," *id.* at *19.  Other decisions are

21  in accord.  *See, e.g.*, *Lee v. Postmates Inc.*, 2018 WL 6605659, at *9–10 (N.D. Cal. Dec. 17, 2018)

22  (noting that "[s]everal district court decisions have held that section 226.8 does not create a private

23  right of action" and dismissing that claim with prejudice); *Rosset v. Hunter Eng'g Co.*, 2014 WL

24  3569332, at *8 (N.D. Cal. July 17, 2014) ("Section 226.8 does not explicitly create a private right of

25  action and neither the legislative history nor the other Labor Code provisions impliedly create one,

26  either."); *Romano v. SCI Direct, Inc.*, 2017 WL 8292778, at *8 (C.D. Cal. Nov. 27, 2017) (finding no

27  private right of action for a violation of section 226.8 and therefore granting motion to dismiss the

28  claim without leave to amend); *Noe v. Superior Court*, 237 Cal. App. 4th 316, 338 (2015) ("There is

16

no language suggesting a private plaintiff may bring a direct action under section 226.8 action [sic] or that a misclassified employee may collect the penalties described within the statute.").

To be sure, Plaintiffs assert their misclassification claim not under California Labor Code section 226.8, but rather section 2750.3. *See* FAC ¶ 133. But "[i]t is well settled that there is a private right of action to enforce a statute 'only if the statutory language or legislative history affirmatively indicates such an intent,'" *Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1131–32 (2012), and nothing in section 2750.3 evinces any such intent, especially in light of long-established practice under section 226.8. On the contrary, section 2750.3 provides that:

> In addition to any other remedies available, an action for injunctive relief to prevent the continued misclassification of employees as independent contractors may be prosecuted against the putative employer in a court of competent jurisdiction **by the Attorney General or by a city attorney** of a city having a population in excess of 750,000, or by a city attorney in a city and county or, with the consent of the district attorney, by a city prosecutor in a city having a full-time city prosecutor in the name of the people of the State of California upon their own complaint or upon the complaint of a board, officer, person, corporation, or association.

Cal. Lab. Code § 2750.3(j) (emphasis added).

*Second*, Plaintiffs have not sufficiently pleaded that any misclassification was willful. To survive a motion to dismiss a willful misclassification claim, a plaintiff must plead facts demonstrating that the defendant "avoid[ed] employee status for an individual by *voluntarily and knowingly* misclassifying that individual as an independent contractor." Cal. Lab. Code § 226.8(i)(4) (emphasis added). Plaintiffs' allegations fall far short of this standard. Although Plaintiffs repeatedly insist that Uber "intentionally misclassified Plaintiffs and other Class Members as independent contractors when they were employees under the law," FAC ¶ 4, "[n]oticeably absent from the Complaint are any facts which plausibly suggest that [defendant]'s alleged violations were willful," *Kellgren v. Petco Animal Supplies, Inc.*, 2013 WL 12076473, at *3 (S.D. Cal. Sept. 13, 2013) (granting motion to dismiss where plaintiff's allegations that defendant "willfully violated the FLSA" "lack[ed] sufficient factual matter to satisfy the plausibility standard set forth in *Iqbal* and *Twombly*" because it "[c]ontain[ed] no factual allegations demonstrating that Petco showed reckless disregard of whether its alleged conduct was prohibited by the FLSA"); *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1147–48 (9th Cir. 2012)

Gibson, Dunn & Crutcher LLP

(affirming dismissal of complaint where plaintiffs' allegations of defendants' knowledge were "merely conclusory").

## V.   CONCLUSION

With the exception of their PAGA claim, Plaintiffs have failed to plead any claim in the FAC that is not precluded by the *O'Connor* Settlement Agreement, which was approved by Judge Chen just over three months before Plaintiffs filed this action.  And all of Plaintiffs' claims, including the PAGA claim, fail to state a claim because they do not provide a private right of action, lack a viable predicate offense, and/or because the FAC does not contain sufficient factual allegations to establish a plausible right to relief.  Because these deficiencies are fatal and cannot be cured, the Court should dismiss the claims of Plaintiffs Mark Glinoga, Kevin Neely, and Alexis Gonzalez with prejudice.


Dated: March 5, 2020                    GIBSON, DUNN & CRUTCHER LLP

                                        By:        */s/ Theane Evangelis*
                                                   Theane Evangelis

                                        Attorneys for Defendants UBER TECHNOLOGIES, INC.

Gibson, Dunn &
Crutcher LLP

Gibson, Dunn &
Crutcher LLP

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of March, 2020, I filed the foregoing document with this Court using the CM/ECF filing system. This system sends notifications of such filing and service to all counsel of record.

GIBSON, DUNN & CRUTCHER LLP

By:        */s/ Theane Evangelis*

Theane Evangelis

Attorneys for Defendant UBER TECHNOLOGIES, INC.