Allen Patatanyan (State Bar No. 210586)
Neama Rahmani (State Bar No. 223819)
Ronald L. Zambrano (State Bar No. 255613)
  *ron@westcoasttriallawyers.com*
Melineh Kasbarian (State Bar No. 329033)
  *melineh@westcoasttriallawyers.com*
WEST COAST TRIAL LAWYERS, APLC
350 South Grand Avenue, Suite 3350
Los Angeles, California 90071
Telephone: (213) 927-3700
Facsimile: (213) 927-3701
  *efilings@westcoasttriallawyers.com*

Attorneys for Plaintiffs,
JERICHO NICOLAS and Other Aggrieved Employees and On Behalf of the General Public as Private Attorneys General

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERICHO NICOLAS an individual, et al., On Behalf of Themselves and All Others Similarly Situated and Aggrieved;<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 4:19-cv-08228-PJH<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**JUDGE:** Hon. Phyllis J. Hamilton<br>**COURTROOM:** 3<br>**DATE:** October 7, 2020<br>**TIME:** 9:00am<br><br>Action filed: January 6, 2020<br><br>Trial date: not set |

Plaintiff JERICHO NICOLAS and Other Aggrieved Employees, (hereinafter "Plaintiffs"), hereby respectfully submit this Opposition to Defendant's Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint.

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................ 4

II. FACTUAL AND PROCEDURAL BACKGROUND ..................................................... 4

III. LEGAL STANDARD ...................................................................................................... 6

IV. ARGUMENT ................................................................................................................... 7

    A. **Plaintiffs Adequately Pled Their Claim of Failure to Timely Pay Wages (Count I)** .................................................................................................. 8

    B. **Plaintiffs Sufficiently Pled Their Claims of UBER's Failure To Provide Minimum Wage And Failure To Pay Overtime (Counts II, V, and VI)** ......... 10

        1. *Landers v. Quality Commc'ns, Inc.* ................................................... 10

        2. **Defendant's Motion Misstates the Holding of *Landers*** .............................. 11

        3. **Plaintiffs' Overtime Claims Are Sufficiently Pled Under *Landers*** .......... 12

        4. **Plaintiffs' Minimum Wage Claims Are Sufficiently Pled Under *Landers*** ................................................................................................. 13

    C. **By Invoking PAGA, Plaintiffs Are Entitled To A Private Right of Action For UBER'S Failure To Maintain Required Records (Count III)** ................... 13

    D. **Plaintiffs Adequately Pled Their Claim For UBER's Failure To Provide Accurate Statements (Count IV)** ........................................................................ 14

    E. **Plaintiffs Sufficiently Pled Viable Predicate Violations To Support Their UCL And PAGA Claims (Counts VII and VIII)** ............................................. 15

    F. **Plaintiff Properly Alleged Compliance With PAGA's Procedural Prerequisites (Count VIII)** ................................................................................. 15

    G. **Plaintiffs Are Entitled To A Private Cause Of Action For Their Willful Misclassification Claim And Sufficiently Alleged Facts To Support This Claim (Count IX)** ................................................................................................ 16

V. IN THE ALTERNATIVE, PLAINTIFFS SEEK LEAVE TO AMEND ................... 17

VI. CONCLUSION .............................................................................................................. 18

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...................................................................................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 54 (2007) ......................................................................4

*Boon v. Canon Business Solutions, Inc.*, 592 Fed. Appx. 631 (9th Cir. 2015).......................8, 9

*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924 (2016).......................................11

*Cordell v. PICC Lines Plus LLC*, 2016 WL 4702654 (N.D. Cal. Sept. 8, 2016) .....................11

*Davis v. Abington Memorial Hospital*, 765 F.3d 236 (3d Cir. 2014) ........................................7

*Davis v. Morris* (1940) 37 Cal. App. 2d 269, 274 .....................................................................6

*DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85 (2d Cir. 2013)..........................................................7

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) .............................................................................5

*Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499 (1959) ........................................................4

*Independent Trust Corp. v. Stewart Information Services Corp.,* 665 F3d 930
   (7th Cir. 2012)....................................................................................................................15

*Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal.4th 348 (2014)...............................14

*Jones v. Oxnard Sch. Dist.*, 270 Cal. App. 2d 587 (1969) .........................................................4

*King v. Rubenstein*, 825 F.3d 206 (2016) .................................................................................3

*Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014) ...................................7, 8, 9

*Landers v. Quality Communs., Inc.*, 2015 U.S. App. LEXIS 1289 (9th Cir. Jan.
   26, 2015).............................................................................................................................8

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001).........................................................3

*Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir.
   2013)....................................................................................................................................7

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008)..........................4

*Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192 (2d
   Cir. 2013).............................................................................................................................7

*Noe v. Sup. Ct.*, 237 Cal. App. 4th 316 (2015) .......................................................................11

*Nye v. Burberry Ltd.*, 2016 U.S. Dist. LEXIS 146848 (D. Nev. Oct. 21, 2016).........................8

| | |
|---|---|
| 1 | *Partida v. Stater Bros. Markets*, 2019 WL 1601387 (C.D. Cal. Feb. 19, 2019) .........................5 |
| 2-3 | *Perez v. DNC Parks & Resorts at Asilomar, Inc.,* 2019 WL 5618169 (E.D. Cal. Oct. 31, 2019)..............................................................................................................................5 |
| 4 | *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012) ...............................................................7 |
| 5 | *Semole v. Sansoucie*, 28 Cal.App.3d 714 (1972) ......................................................................4 |
| 6 | *Suarez v. Bank of Am. Corp.,* 2018 WL 2431473 (N.D. Cal. May 30, 2018)...........................11 |
| 7 | *Tan v. Grubhub, Inc.*, 171 F. Supp. 3d 998 (N.D. Cal. 2016) ....................................................8 |
| 8 | *Taylor v. Yee*, 780 F.3d 928 (9th Cir. 2015) ..............................................................................4 |
| 9 | *Thomas-Byass v. Michael Kors Stores (Cal.), Inc.*, (C.D. Cal. Sep. 16, 2015) .........................9 |
| 10 | *United States v. Corinthian Colleges,* 655 F3d 984 (9th Cir. 2011) .......................................15 |
| 11 | *Youngman v. Nevada Irr. Dist.*, 70 Cal.2d 240 (1969) .............................................................4 |

**STATUTES**

Cal. Lab. Code § 201................................................................................................................8
Cal. Lab. Code § 202................................................................................................................8
Cal. Lab. Code § 203................................................................................................................9
Cal. Lab. Code § 204..........................................................................................................9, 10
Cal. Lab. Code § 218................................................................................................................9
Cal. Lab. Code § 226..............................................................................................................15
Cal. Lab. Code § 1174(d) .......................................................................................................14
Cal. Lab. Code § 2750.3...........................................................................................................5
Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* .............................................................10

**RULES**

Code Civ. Proc. § 452 ..............................................................................................................7
Fed. R. Civ. P. 8(a)(2) ..........................................................................................................4, 7
Fed. R. Civ. P. (12)(b)(6) ......................................................................................................6, 7
Fed. R. Civ. P. 15(a)...............................................................................................................17

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Plaintiffs' operative complaint sufficiently alleges plausible non-conclusory allegations that UBER TECHNOLOGIES, INC., (hereinafter referred to as "UBER") committed specific Labor Code violations on and after March 1, 2019.  Nevertheless, UBER attacks the claims presently alleged in Plaintiffs' Second Amended Complaint as inadequate.  UBER's motion is based upon a mischaracterization of the current pleading standard under Fed. R. Civ. P. 8(a)(2) and current Supreme Court precedent, and improperly ignores the facts set forth in Plaintiff's Second Amended Complaint.

The particularity of the factual allegations in Plaintiffs' Second Amended Complaint satisfies the requirements of a notice pleading.  Accordingly, Plaintiffs respectfully request the Court to deny UBER's motion and allow Plaintiffs to proceed with discovery and present evidence in support of their claims.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed a class action complaint for wage and hour violations against Defendant UBER on December 18, 2019, alleging UBER misclassified Plaintiffs and similarly situated individuals as independent contractors rather than employees in violation of various federal and state wage and hour laws.  On January 6, 2020, Plaintiffs filed a First Amended Complaint ("FAC") to specifically add a claim under California's Private Attorney General Act ("PAGA") and violation of the newly codified ABC test under Labor Code § 2750.3.

On March 5, 2020, UBER filed a motion to compel arbitration of the claims of 45 Plaintiffs who had entered into two distinct arbitration agreements with UBER. Dkt. 17.  That same day, UBER filed a motion to dismiss Plaintiffs' FAC with respect to three remaining Plaintiffs, Mark Glinoga, Kevin Neely, and Alexis Gonzalez (collectively, the "MTD plaintiffs"). Dkt. 36 at 3.

On July 17, 2020, the Court granted UBER's motion to compel arbitration in part,

ordering 45 Plaintiffs to arbitration. Dkt. 36 at 1. The Court also denied UBER's motion to compel arbitration in part, finding that "to the extent the MTC plaintiffs adequately allege a cognizable PAGA claim, such claim was not waived by either TSA's arbitration provision and thus remains properly before this court." *Id.* at 10. Thus, the Court stayed all further litigation of the now-in-arbitration-Plaintiffs' PAGA claim in this Court pending completion of arbitration of Plaintiffs' arbitrable claims. *Id.* at 15.

Moreover, on July 17, 2020, the Court granted UBER's motion to dismiss Plaintiffs' FAC with leave to amend the FAC to allege specific Labor Code Violations occurring post-February 28, 2019. Dkt. 36. In dismissing the FAC, the Court found that Plaintiffs' allegations were insufficient to state a claim under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007). Dkt. 36 at 19. The Court cited two reasons for this conclusion. First, "none of the MTD plaintiffs allege[d] that they used the Uber App after February 28, 2019," prior to which all claims were released in the 2019 Class Action Settlement Release ("*O'Connor* Settlement Agreement"). *Id.* Second, "plaintiffs' allegations that defendant failed to pay the requisite wages, overtime, and reimbursements, or to provide the plaintiffs with their final paychecks since February 28, 2019 are insufficient to push the alleged violation from the realm of 'possible' to the 'plausible.'" *Id.*

The Court allowed "the MTD plaintiffs 28 days from the date of this order to file a second amended complaint correcting the deficiencies only in the claims dismissed without prejudice." *Id.* at 24. Plaintiffs filed a Second Amend Complaint ("SAC") on August 14, 2020, correcting the deficiencies identified in the Court's order.

Despite the stated deficiencies, the Court ruled that "to the extent the MTD plaintiffs can allege that they suffered post-February 28, 2019 Labor Code violations, the MTD plaintiffs' PAGA claims are not subject to dismissal for lack of standing." *Id.* at 22. The Court further ruled that, "to the extent plaintiff premises such claims upon violations occurring after that date, such dismissal is WITHOUT PREJUDICE." *Id.* at 24. Accordingly, the Court allowed Plaintiffs to file a second amended complaint "correcting the deficiencies only in the claims dismissed without prejudice." *Id.*

1    On August 14, 2020, Plaintiffs filed a SAC alleging plausible non-conclusory allegations that UBER committed specific Labor Code violations against Plaintiffs Mark Glinoga (hereinafter "GLINOGA"), Alexis Gonzalez (hereinafter "GONZALEZ"), and Kevin Neely ("hereinafter "NEELY") and Similarly Aggrieved Employees (hereinafter collectively referred to as "Plaintiffs") on and after March 1, 2019.  Plaintiffs' SAC designated the remaining 45 Plaintiffs as "Non-Representative Plaintiffs" who will "seek a remedy for their respective individual claims only and will pursue those claims through arbitration."[1]  Dkt. 37 at 2.

Nevertheless, on August 28, 2020, UBER filed a Motion to Dismiss Plaintiffs' SAC (hereinafter referred to as "Motion") with respect to the three Plaintiffs, GLINOGA, NEELY, and GONZALEZ, on the grounds that the SAC fails to state a plausible claim on which relief can be granted.

Again, UBER erroneously contends that Plaintiffs failed to state any cognizable claim in the SAC.  The SAC was amended to correct the deficiencies *in conformity with the Court's order*.  The particularity of the factual allegations in the SAC satisfy the requirements of a notice pleading.  Accordingly, Plaintiffs respectfully request the Court to deny UBER's Motion and allow Plaintiffs to proceed with discovery and present evidence in support of their claims.

## III.    LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") (12)(b)(6) tests the legal sufficiency of a party's claim for relief.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  A Rule 12(b)(6) motion cannot be used to resolve factual disputes or the merits of a claim.  *King v. Rubenstein*, 825 F.3d 206, 214 (2016).  As such, a Rule 12(b)(6) motion can

---

[1] Jericho Nicolas, Juan Montalvo, Gary Baumgarten, Christine Tringali, Carlos Alvarez, Rick Anderson, Kamal Suri, Jorge Jimenez, Jaime Del Real, Lisette Castillo, Benjamin Laney, Kelly Clifton, Eric Calvillo Hernandez, Steven Robert Callahan, Juan Jamarron, Richard Trujillo, Marcos Montes, Barton Lasheem, Dora Waters, Rolando Vega, Shamar Drew, Zuleyma Torres, Sevak Vartanpour, Claudia Duque, Timothy Kershaw, Kevin Byler, Yhon Lara, Royal Gaston, Majd Iskandafi, Alexi Vinnik, Bryant Castaneda, Christine Economos, Carlos Torres, Christopher Campana, Gustavo Candelo, James Sparks, Jason Casas, Jose Contreras, Juan Castro, Kamal Suri, Karen Y. Alvarez, Syed Naqvi, Wayne Merritt, Williams Ramirez, Laura Alvarado Hernandez, and Sherif Bebawy.

only be granted where no "cognizable legal theory" exists. *See Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015).

FRCP 8 requires a plaintiff to plead only "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Probability is not required. *See id.* For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] the factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Here, Plaintiffs have alleged enough facts to entitle them to relief. The particularity of the factual allegations in the SAC is sufficient to constitute a notice pleading. Accordingly, Plaintiffs respectfully ask the Court deny Defendant UBER's motion to dismiss.

## IV.  ARGUMENT

Plaintiffs' claims are straightforward. The FRCP "require only notice pleading" with a "short and plain statement of the claim showing that pleader is entitled to relief." *Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499, 501 (1959); Fed. R. Civ. P. 8(a)(2). Plaintiffs maintain that the SAC, as a whole, sufficiently apprises UBER of the factual basis of Plaintiffs' claims. *See Jones v. Oxnard Sch. Dist.*, 270 Cal. App. 2d 587, 593 (1969); *Semole v. Sansoucie*, 28 Cal.App.3d 714, 719 (1972); *Youngman v. Nevada Irr. Dist.*, 70 Cal.2d 240, 244-245 (1969) (citing to Code Civ. Proc. § 452 and stating that "the allegations of the complaint must be liberally construed with a view to attaining substantial justice among the parties.")

Mistakenly, UBER claims that a complaint that does not provide a recitation of the "when, where, in what or by whom" fails to meet the pleading requirements of Fed. R. Civ. P. 8(a). This argument is simply incorrect and mischaracterizes Supreme Court precedent. First, the Supreme Court has been clear that its decision in *Twombly* did not change the pleading requirements of Fed. R. Civ. P. 8(a)(2) to call for a "'heightened' pleading standard." *Twombly*, 550 U.S. at

569, n. 14. *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; see also *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" (quoting *Twombly*, 550 U.S. at 555)).

### A. Plaintiffs Adequately Pled Their Claim of Failure to Timely Pay Wages (Count I)

UBER first argues that Plaintiffs' claim of failure to timely pay wages fails to "allege which (if any) of them no longer have a relationship with Uber, the reason the relationship ended, and when they were paid during their relationship and after its termination." Motion at 12. UBER cites to *Perez v. DNC Parks & Resorts at Asilomar, Inc.,* 2019 WL 5618169, at *9 (E.D. Cal. Oct. 31, 2019) where the court dismissed Plaintiff's claim where "plaintiff alleges merely that 'DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202'." UBER also cites to *Partida v. Stater Bros. Markets*, 2019 WL 1601387, at *7 (C.D. Cal. Feb. 19, 2019) where the Court found that "Plaintiff's allegations are insufficient to survive dismissal. Plaintiff does not provide facts describing the date of her own purported termination, the date she received her own final paycheck, its amount, or the amount she purportedly should have received.").

Here, Plaintiffs alleged that they "have been driving for Defendants prior to March 1, 2019 continuing up to and **until approximately March of 2020**." SAC ¶¶ 112, 118, 130, 160 (emphasis added). In support of their claim against UBER for failure to timely pay earned wages during employment in violation of Labor Code §§ 201, 202, 203, 204, 218.5, and 218.6, Plaintiffs allege that "since March 1, 2019, Plaintiffs GLINOGA, GONZALEZ, NEELY, have been working as UBER drivers by use of the UBER application, use of their own car, and with the use of their own money for maintenance of the vehicle and phone used to carry out their duties for UBER." *Id.* ¶ 77. Plaintiffs further allege that they "regularly had the UBER application on, waiting for and providing for UBER customers for over 8 hours a day, after having done this

function 40 hours in a week" and that "they were not paid time and half for hours worked in excess of 40 hours in a week (i.e., over time pay of time and half)." *Id.* ¶ 80. Accordingly, Plaintiffs conclude they "were not properly paid pursuant to the requirements of Labor Code §§ 201, 202, and 204" and "[t]o date, for example, Defendants have not paid Plaintiffs all earned wages." *Id.* ¶ 76. Accordingly, Plaintiffs here have provided sufficient facts of earned and unpaid wages, and have pled their claim of failure to timely pay earned wages with more specificity than the Plaintiffs in both *Perez* and *Partida*.

Moreover, UBER erroneously asserts Plaintiffs fail to state a claim for *willful* failure to pay wages. Labor Code § 203 states, in pertinent part:

> If an employer willfully fails to pay, without abatement or reduction . . . any wages of an employee who is discharged or quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. (*Ibid*.)

The term "willfully," as it is used in section 203 of the Labor Code, "does not mean that the refusal to pay wages must necessarily be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due, in order to subject him to the penalty." *Davis v. Morris* (1940) 37 Cal. App. 2d 269, 274. Here, Plaintiffs allege that "Plaintiffs and Class Members were not properly paid pursuant to the requirements of Labor Code § 201, 202, and 204 and thereby seek the unpaid wages. SAC at ¶ 76. Plaintiffs further allege that "to date, for example, Defendants have not paid Plaintiffs all earned wages." *Id.* Plaintiffs also allege that:

> Plaintiffs and Class Members are informed and believe and based thereon allege that Defendants **willfully** failed to pay Plaintiffs' wages pursuant to the requirements of Labor Code §§ 201, 202, and 204, after Plaintiffs' demand, and therefore Plaintiffs are entitled the associated unpaid wages and waiting time penalties. Plaintiffs are informed and believe and based thereon allege that Defendants did this with the **intent to** secure for themselves a discount on their indebtedness and/or with **intent to** annoy, harass, oppress, hinder, delay and/or defraud Plaintiffs. SAC at ¶ 81 (**emphasis added**).

Plaintiffs allegations regarding UBER's "intent to secure a discount" or "intent to annoy, harass, oppress, hinder, delay, and/or defraud" Plaintiffs adequately pleads UBER's willfulness in failing to pay their employees and defraud them of wages. Plaintiffs allegations of failure to

provide minimum wage, failure to pay overtime, failure to provide meal or rest breaks, or in the alternative a premium, if proven, would show that Defendant had a policy or practice that results in late or incomplete final wage payments to Plaintiffs and Class Members. Therefore, these allegations are sufficient under Rule 8(a)(2) to state a claim upon which relief may be granted.

Accordingly, this Court should not dismiss Count I of the SAC. Should the Court be inclined to consider granting the Motion because the word "willful' is not better placed in the SAC, Plaintiffs respectfully request leave to amend to better place "willful" in their complaint.

### B. Plaintiffs Sufficiently Pled Their Claims of UBER's Failure To Provide Minimum Wage And Failure To Pay Overtime (Counts II, V, and VI)

Plaintiffs' allegations of failure to provide minimum wage as well as unpaid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), are sufficiently pled under *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014), *as amended* (Jan. 26, 2015), *cert. denied*, 135 S. Ct. 1845, 191 L. Ed. 2d 754 (2015), notwithstanding Defendant's arguments to the contrary.

#### 1. *Landers v. Quality Commc'ns, Inc.*

In *Landers*, the Ninth Circuit followed the First, Second, and Third Circuits in holding that "a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Landers,*, 771 F.3d at 644-45; *see also Davis v. Abington Memorial Hospital*, 765 F.3d 236, 242 (3d Cir. 2014); *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 89 (2d Cir. 2013); *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 200 (2d Cir. 2013); *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012). The *Landers* court reasoned that "[a]lthough plaintiffs in these types of cases cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer, they should be able to specify at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Landers,* 771 F.3d at 646 (quoting *DeJesus*, 726 F.3d at 90). Nevertheless,

the *Landers* court recognized that "detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim…." *Id.* at 644. As the court explained:

> [T]he plausibility of a claim is "context-specific." A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility. Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility. However, like the other circuit courts that have ruled before us, **we decline to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA**. After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants.
> *Id.* at 645 (emphasis added) (internal citations omitted).

Ergo, Plaintiffs are not required to plead the specific total number of unpaid overtime hours worked in order to state a plausible claim. *See Boon v. Canon Business Solutions, Inc.*, 592 Fed. Appx. 631, 632 (9th Cir. 2015).

### 2.  Defendant's Motion Misstates the Holding of *Landers*

Defendant erroneously cites *Landers* for the proposition that Plaintiffs must plead "facts demonstrating that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." Mtn 11:17-18. This formulation distorts the actual holding of *Landers* in two crucial ways.

First, *Landers* does not require that plaintiffs allege a *specific* workweek during which they worked more than forty hours and did not receive overtime pay, but rather only requires them to allege having "worked more than forty hours in a *given* workweek without receiving overtime pay." *Nye v. Burberry Ltd.*, 2016 U.S. Dist. LEXIS 146848, at *9 (D. Nev. Oct. 21, 2016) (emphasis in original); see also *Landers v. Quality Communs., Inc.*, 2015 U.S. App. LEXIS 1289 (9th Cir. Jan. 26, 2015) (amending original *Landers* opinion to replace the phrase "specific workweek" with "given workweek"). Therefore, the lower courts applying *Landers* have declined to "require … plaintiff[s] to identify an exact calendar week or particular instance of denied overtime; instead, the allegations need only give rise to a plausible inference that there was such an instance." *Tan v. Grubhub, Inc.*, 171 F. Supp. 3d 998, 1008 (N.D. Cal. 2016); *Thomas-*

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
11

*Byass v. Michael Kors Stores (Cal.), Inc.*, 2015 U.S. Dist. LEXIS 164690, at *14 (C.D. Cal. Sep. 16, 2015) (noting that "*Landers* does not require plaintiffs to plead 'particular instances of unpaid overtime before being allowed to proceed to discovery.'") (internal quotes omitted).

Second, *Landers* does not require Plaintiffs to plead the "total number" of unpaid overtime hours. The Ninth Circuit flatly rejected such a requirement in *Boon v. Canon Business Solutions, Inc.*, 592 Fed. Appx. 631, 632 (9th Cir. 2015), where the lower court dismissed a complaint under *Landers* because it did not "contain an estimate of 'how much uncompensated time was [worked], how often, and at what rate'…." *Id.* In reversing, the Ninth Circuit reasoned that requiring such allegations was "inconsistent" with the *Landers* court's holding that "'detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim.'" *Id.* (quoting *Landers*, 771 F.3d at 644). Thus, even though the complaint at issue in *Boon* failed to "'allege the amount of wages accrued and unpaid,' approximate 'the hours worked for which these wages were not received,' [or] 'estimate … how much uncompensated time was spent, how often, and at what rate,'" the Ninth Circuit concluded it was sufficiently pled under *Landers* because the *Boon* plaintiff "identified tasks for which he was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week." *Id.*

### 3. Plaintiffs' Overtime Claims Are Sufficiently Pled Under *Landers*

Here, Plaintiffs' SAC more than satisfies *Landers*' "given workweek" standard. Plaintiffs allege the following facts in support of their overtime claim against UBER:

> Specifically, Plaintiffs GLINOGA, GONZALEZ, and NEELY have been driving for Defendants prior to March 1, 2019 continuing up to and until approximately March of 2020. During the entirety of his employment, Plaintiff GLINOGA worked approximately 60 hours per week on average but was only paid by Defendants for approximately 30 of those hours on average. During the entirety of his employment, Plaintiff GONZALES worked approximately 50 to 60 hours per week but was only paid by Defendants for approximately 40 to 42 of those hours on average. During the entirety of his employment, Plaintiff NEELY worked approximately 45 hours per week but was only paid by Defendants for approximately 25 of those hours on average. As such, Plaintiffs GLINOGA, GONZALES, and NEELY were not earning minimum wage. Defendants engaged in this practice throughout the three-year statute of limitations that applies to this action pursuant to 29 U.S.C. § 255. SAC ¶ 130.

Based on these specifically pled allegations, Plaintiffs satisfied the pleading requirements of *Landers*.  These allegations give rise to a plausible claim that UBER knowingly deprived Plaintiffs of overtime.

### 4.   Plaintiffs' Minimum Wage Claims Are Sufficiently Pled Under *Landers*

Furthermore, UBER cites to *Landers* to argue that minimum wage must also satisfy the "given workweek" standard.  Plaintiffs' allege the following facts in support of Plaintiffs' claim that UBER failed to pay required minimum wage:

> Since March 1, 2019, Plaintiffs GLINOGA, GONZALEZ, and NEELY have been working as UBER drivers by use of the UBER application, use of their own car, and with the use of their own money for maintenance of the vehicle and phone used to carry out their duties for UBER.  Specifically, GLINOGA, GONZALEZ, and NEELY have used Defendant UBER's application since March 1, 2019 to provide the transportation service to UBER customers by turning on UBER's driver app and set the settings so that they can see and accept UBER customer requests for a ride through the UBER application.  In this manner, since March 1, 2019, GLINOGA, GONZALEZ, and NEELY have had the application set to "on," waiting for an UBER customer request for long periods of time; often times spending more time waiting for a ride request than driving a customer resulting in the compensation for said ride or rides over the course of a week to come out to less than minimum wage per hour. SAC ¶ 91-93

Thus, Plaintiffs have satisfied the requirements of *Landers*.  These allegations give rise to a plausible claim that UBER knowingly deprived Plaintiffs of minimum wage.  Based on the forgoing, the Court should deny the Motion as to Counts II, IV, and V.

### C.   By Invoking PAGA, Plaintiffs Are Entitled To A Private Right of Action For UBER'S Failure To Maintain Required Records (Count III)

UBER unpersuasively alleges that Plaintiffs' third cause of action for failure to maintain required records cannot be brought by a private plaintiff on the basis that "there are *no* available remedies for this alleged violation because the Labor Code does not provide a private right of action to enforce these provisions." Motion at 16.  However, because Plaintiffs' SAC asserts a claim under the PAGA as the eight cause of action, Plaintiffs indeed have a private right of action for several portions of the Labor Code, including failure to maintain required records under section 1174(d).  *See Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 958

1  (2016) (stating that "PAGA does create a private right of action for several portions
2  of Labor Code, including section 1174(d).").

3  Plaintiffs have "a right of action to recover civil penalties under this statute [which] only
4  exists under PAGA." *See Noe v. Sup. Ct.*, 237 Cal. App. 4th 316, 339 (2015) ("[W]here ... a
5  Labor Code provision provides for a 'civil penalty' and contains no language suggesting the
6  penalty is recoverable directly by employees, no private right of action is available other than
7  through a PAGA claim."); *cf.*, *Cleveland*, 200 F. Supp. 3d at 958 (finding no right of private
8  action under Labor Code section 1174 and granting summary judgment in favor of defendant
9  where plaintiff did not explicitly invoke PAGA and failed to submit evidence of exhaustion of
10 PAGA's administrative remedies); *Cordell v. PICC Lines Plus LLC*, 2016 WL 4702654, at *10
11 (N.D. Cal. Sept. 8, 2016); *Suarez v. Bank of Am. Corp.*, 18-CV-01202-MEJ, 2018 WL 2431473,
12 at *10 (N.D. Cal. May 30, 2018).

13 Whereas the Plaintiff in *Cleveland* was precluded to bringing an action for civil penalties
14 under Labor Code section 1174(d) because he did "not explicitly invoke PAGA" and "failed to
15 submit any evidence that he has exhausted the administrative remedies as a prerequisite to
16 bringing suit" (*Cleveland*, 200 F. Supp. 3d at 958), Plaintiffs here have explicitly invoked
17 PAGA in their eighth cause of action. *See* SAC at ¶ 145-156. Thus, Plaintiffs' existing PAGA
18 claim creates Plaintiffs' private right of action for UBER's failure to maintain required records
19 under section 1174. For this reason, the Court should deny the Motion as to Count III.

20 **D.   Plaintiffs Adequately Pled Their Claim For UBER's Failure To Provide**
21 **Accurate Statements (Count IV)**

22 UBER again erroneously argues that Plaintiffs fail to provide anything more than mere
23 conclusory allegations regarding their claims of UBER's failure to provide accurate wage
24 statements, let alone any wage statements whatsoever, to their employees.

25 Plaintiffs allege that they "**never** received any wage statement required information set
26 forth under Labor Code § 226 from Defendants, and . . . suffered damages from not receiving
27 wage statements." SAC ¶ 110 (emphasis added). In a tone-deaf manner, UBER argues that
28 "Plaintiffs do not identify which statements are allegedly deficient, how they were deficient, or

what injuries they sustained as a result." Motion at 17. UBER has never provided wage statements to Plaintiffs and the SAC alleges that. SAC ¶ 110. This deficiency is *the* non-compliance around which section 226(a) orbits. Accordingly, Plaintiffs have sufficiently pled their claim for UBER's failure to provide accurate wage statements and Court should deny the Motion as to Count IV of the SAC.

### E. Plaintiffs Sufficiently Pled Viable Predicate Violations To Support Their UCL And PAGA Claims (Counts VII and VIII)

UBER again attacks Plaintiffs' claims under the UCL and PAGA on the basis that "plaintiffs failed to provide any non-conclusory allegation that would support a plausible inference that defendant committed a Labor Code violation against them that occurred after February 28, 2019." Dkt. 36 at 22. As stated above, Plaintiffs SAC properly alleges violations from "March 1, 2019 continuing up to and until approximately March of 2020." SAC ¶¶ 112, 118, 130, 160. As such, Plaintiffs have both statutory and constitutional standing to assert their PAGA claim because they are indeed "aggrieved employees" who plead Labor Code claims on and after March 1, 2019 which have not been settled in any prior settlement agreement that encompassed Plaintiffs' claims. Furthermore, Plaintiffs have Article III standing as employees who suffered concrete injuries as a result of UBER's failure to follow wage and hour laws. Lastly, Plaintiffs have stated plausible claims of relief on each of their predicate claims. Therefore, the Court should deny the motion as to Plaintiffs' claims under the UCL and PAGA in Counts VII and VIII.

### F. Plaintiff Properly Alleged Compliance With PAGA's Procedural Prerequisites (Count VIII)

UBER next challenges the procedural validity of Plaintiffs' PAGA claim on the ludicrous basis that Plaintiffs' fail to allege compliance with the statutorily required procedure for providing notice to the LWDA. As set for the in paragraph 153 of the SAC, Plaintiffs properly followed the procedure for providing notice to the LWDA and adequately pleaded the content of that notice accordingly. Plaintiffs alleged the following:

> On or about November 1, 2019, Plaintiffs provided written notice by

certified mail to the LWDA and to UBER of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. No notice was provided by the LWDA regarding any intentions to investigate the alleged violation. SAC ¶ 153.

UBER argues that Plaintiffs only allege that they provided written notice to the LWDA by certified mail when "the amended PAGA statute requires an aggrieved employee to "give written notice *by online filing* with the [LWDA]." Dkt. 39 at 18. UBER improperly cites to *Thomas v. Home Depot USA Inc.,* 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007), which says nothing about a requirement to allege notice by online filing in order to state a plausible claim.

As a red herring, UBER also argues that the LWDA notice itself insufficient when the LWDA notice it not at issue for purposes the SAC's sufficient in pleading same. Mtn at pp. 12-13. In other words, whether or not the LWDA letter passes muster, in of itself, cannot be ruled on by the Court in the present motion because the LWDA letter itself is not before the Court. Nor would such relief be proper under Rule 12, but rather through a dispositive motion under Rule 53.

It is well established that an action under PAGA can commence 65 days after providing notice to the LDWA: "if no notice [by the LWDA] is provided within 65 calendar days of the postmark date of the [Plaintiffs'] notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699. *Id*, subsec. (a)(2)(A). Here, Plaintiffs' LWDA notice was postmarked November 1, 2019, SAC at ¶ 153. Plaintiffs' LWDA notice was filed online with the LWDA that same day. For these reasons, the Court should deny the Motion as to Plaintiffs' Count III PAGA claim. If the Court is inclined to dismiss the present PAGA claim because the SAC lacks the phrase "notice was also given online," Plaintiffs respectfully request leave to amend to insert this phrase.

### G. Plaintiffs Are Entitled To A Private Cause Of Action For Their Willful Misclassification Claim And Sufficiently Alleged Facts To Support This Claim (Count IX)

Finally, UBER improperly contends that Plaintiffs fail to state a claim for willful misclassification. First, they argue that there is no private right of action for willful

misclassification under the California Labor Code. However, Plaintiffs, by way of their PAGA claim, stand in the shoes of the Attorney General. *See Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348, 380 (2014). The legal characteristics of a PAGA representative action are as follows:

> An employee plaintiff suing ... under the [PAGA] does so as the proxy or agent of the state's labor law enforcement agencies.... In a lawsuit brought under the act, the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency. [Citations.].... Because collateral estoppel applies not only against a party to the prior action in which the issue was determined, but also against those for whom the party acted as an agent or proxy [citations], a judgment in an employee's action under the act binds not only that employee but also the state labor law enforcement agencies. *Id.* at 380.

Therefore, UBER's head-scratching assertion that Plaintiffs do not have a private right of action for willful misclassification under the California Labor Code because they are not the Attorney General or a city attorney is missing the forest from the trees.

Second, UBER argues that Plaintiffs have not sufficiently pled that any misclassification was willful in that UBER "avoid[ed] employee status or an individual by voluntarily and knowingly misclassifying that individual as an independent contractor." Cal. Lab. Code. § 226.8(i)(4). However, UBER acknowledges that "Plaintiffs repeatedly insist that Uber 'intentionally misclassified Plaintiffs and other Class Members as independent contractors when they were employees under the law,' SAC ¶ 4." Docket 39 at 21. Intentional is interchangeable with willful, voluntary, and knowing. Therefore, the Court should deny the Motion as to Count IX of the SAC. However, if the Court were inclined to dismiss Plaintiff's 226.8 claim for failure to use the phrase "willfully misclassified" instead of "intentionally misclassified," Plaintiffs seek leave to amend to us the arguably more appropriate word "willful."

V.   **IN THE ALTERNATIVE, PLAINTIFFS SEEK LEAVE TO AMEND**

As a practical matter, leave to amend is almost always granted by the court. FRCP 15(a) expressly states leave to amend "shall be freely given when justice so requires." FRCP 15(a);

*United States v. Corinthian Colleges,* 655 F3d 984, 995 (9th Cir. 2011) (stating that the standard for granting leave to amend is "generous"); *Independent Trust Corp. v. Stewart Information Services Corp.,* 665 F3d 930, 943 (7th Cir. 2012). Therefore, in the event the Court finds any merit in Defendant's motion to dismiss despite Plaintiffs' arguments above, Plaintiffs respectfully ask the Court to grant leave to amend the SAC.

## VI.    CONCLUSION

Based on the forgoing, Plaintiffs SAC sufficiently demonstrated their entitlement to relief for all their claims. The particularity of the factual allegations in the SAC satisfy the requirements of a notice pleading. For the foregoing reasons, Plaintiffs respectfully ask the Court to deny the Motion the motion in its entirety. In the alternative, Plaintiffs respectfully seek leave to amend if the Court sustains any part of the Motion.

Dated:  September 11, 2020        WEST COAST TRIAL LAWYERS, APLC

                                  By: _____
                                       Allen Patatanyan
                                       Neama Rahmani
                                       Ronald L. Zambrano
                                       Melineh Kasbarian
                                       Attorney for Plaintiffs and Class Members,
                                       NICHOLAS JERICHO, et al.