THEANE EVANGELIS, SBN 243570
　tevangelis@gibsondunn.com
HEATHER L. RICHARDSON, SBN 246517
　hrichardson@gibsondunn.com
BRANDON J. STOKER, SBN 277325
　bstoker@gibsondunn.com
SAMUEL ECKMAN, SBN 308923
　seckman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

Attorneys for Defendant
UBER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERICHO NICOLAS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC,<br><br>　　　　　Defendant. | CASE NO. 4:19-cv-08228-PJH<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Hearing Date:　　October 7, 2020<br>Hearing Time:　　9:00 a.m.<br>Hearing Place:　　Courtroom 3<br>Judge:　　　　　Hon. Phyllis J. Hamilton |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................................ 1

II. ARGUMENT .............................................................................................................................. 2

    A.    Plaintiffs Fail to State a Claim With Respect to Any of Their Nine Causes of Action. ............................................................................................................................ 2

        1.    Plaintiffs Fail to Allege Facts to Support Their Claim That Uber Did Not Timely Pay Wages (Count I). ........................................................................ 2

        2.    Plaintiffs Fail to Allege Facts to Support Their Minimum Wage and Overtime Claims (Counts II, V, and VI). ................................................. 3

        3.    There Is No Private Right of Action for Failure to Maintain Records and Plaintiffs Do Not Adequately Allege a Failure to Maintain Records (Count III). ...................................................................................... 5

        4.    Plaintiffs Fail to Allege Facts That Support Their Wage Statements Claim (Count IV). ............................................................................................... 7

        5.    Plaintiffs Fail to Adequately Allege a Viable Predicate Violation to Support Their UCL and PAGA Claims (Counts VII and VIII). ....................... 8

        6.    Plaintiffs Fail to Allege Compliance With PAGA's Procedural Prerequisites (Count VIII). ............................................................................... 8

        7.    There Is No Private Cause of Action for Plaintiffs' Willful Misclassification Claim and, Even if There Were, Plaintiffs Fail to Allege Facts to Support This Claim (Count IX). ........................................... 10

    B.    The Court Should Dismiss Plaintiffs' Claims With Prejudice. ................................... 11

III. CONCLUSION ....................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alvarez v. Hyatt Regency Long Beach*,
   2009 WL 10673222 (C.D. Cal. Aug. 6, 2009) ............................................................................2

*Amador-Stewart v. Snooze HiC LLC*,
   2019 WL 459837 (S.D. Cal. Sept. 23, 2019) .............................................................................5

*Arias v. Superior Court*,
   46 Cal. 4th 969 (2009) ...............................................................................................................6

*Barajas v. Carriage Servs., Inc.*,
   2019 WL 6699737 (N.D. Cal. Dec. 9, 2019) .............................................................................5

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 554 (2007) ..............................................................................................................1, 3

*Byrd v. Masonite Corp.*,
   2016 WL 756523 (C.D. Cal. Feb. 25, 2016) .............................................................................7

*Cleveland v. Groceryworks.com, LLC*,
   200 F. Supp. 3d 924 (N.D. Cal. 2016) ......................................................................................5

*Doan v. Singh*,
   617 F. App'x 684 (9th Cir. 2015) ............................................................................................12

*DocMagic, Inc. v. Ellie Mae, Inc.*,
   745 F. Supp. 2d 1119 (N.D. Cal. 2010) ....................................................................................4

*Duran v. Maxim Healthcare Servs. Inc.*,
   2018 WL 5915644 (C.D. Cal. Mar. 9, 2018) ............................................................................7

*Kellgren v. Petco Animal Supplies, Inc.*,
   2013 WL 12076473 (S.D. Cal. Sept. 13, 2013) ......................................................................10

*Kemp v. International Business Machines Corp.*,
   2010 WL 4698490 (N.D. Cal. Nov. 8, 2010) ........................................................................6, 7

*Landers v. Quality Communications, Inc.*,
   771 F.3d 638 (9th Cir. 2014) ............................................................................................3, 4, 5

*Leadsinger, Inc. v. BMG Music Publishing*,
   512 F.3d 522 (9th Cir. 2008) ...................................................................................................11

*Lee v. Postmates Inc.*,
   2018 WL 6605659 (N.D. Cal. Dec. 17, 2018) ........................................................................10

*Magadia v. Wal-Mart Associates, Inc.*,
    384 F. Supp. 3d 1058 (N.D. Cal. 2019) ........................................................................................8

*Noe v. Superior Court*,
    237 Cal. App. 4th 316 (2015) .......................................................................................................5

*Partida v. State Bros. Markets*,
    2019 WL 1601387 (C.D. Cal. Feb. 19, 2019)...............................................................................2

*Perez v. DNC Parks & Resorts at Asilomar, Inc.*,
    2019 WL 5618169 (E.D. Cal. Oct. 31, 2019) ...............................................................................3

*Price v. Starbucks Corp.*,
    192 Cal. App. 4th 1136 (2011) .....................................................................................................8

*Rosset v. Hunter Eng'g Co.*,
    2014 WL 3569332 (N.D. Cal. July 7, 2014)...............................................................................10

*San Francisco Patrol Special Police Officers v. City and County of San Francisco*,
    13 F. App'x 670 (9th Cir. 2001) .................................................................................................12

*Soratorio v. Tesoro Refining & Mktg. Co.*,
    2017 WL 8220415 (C.D. Cal. Sept. 11, 2017)..............................................................................3

*Tan v. GrubHub, Inc.*,
    171 F. Supp. 3d 998 (N.D. Cal. 2016) ..........................................................................................8

*Thomas v. Home Depot USA Inc.*,
    527 F. Supp. 2d 1003 (N.D. Cal. 2007) ........................................................................................9

*Varsam v. Laboratory Corp. of America*,
    120 F. Supp. 3d 1173 (S.D. Cal. 2015) .........................................................................................9

*Villalpando v. Exel Direct Inc.*,
    2014 WL 1338297 (N.D. Cal. Mar. 28, 2014)............................................................................10

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012).....................................................................................................11

*Yucesoy v. Uber Techs., Inc.*,
    2015 WL 6955140 (N.D. Cal. Nov. 10, 2015)..............................................................................4

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009)..................................................................................................1, 11

**Statutes**

Cal. Labor Code § 226(a)(3) ................................................................................................................7

Cal. Labor Code § 226(e)(1) ................................................................................................................8

Cal. Labor Code § 2699.3(a)(1)(A)...........................................................................................................9

**Treatises**

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1363
    (3d ed. 2004) ...........................................................................................................................4

# I. INTRODUCTION

Plaintiffs' Second Amended Complaint ("SAC") alleges that Defendant Uber Technologies, Inc. misclassified them and similarly situated transportation providers as independent contractors rather than employees and, consequently, violated various California wage-and-hour laws.  These are the exact same claims that Plaintiffs asserted in their First Amended Complaint ("FAC"), and which this Court dismissed because, among other reasons, Plaintiffs' "allegations are a mix of conclusory and 'a formulaic recitation of the elements of a cause of action,' both of which the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) expressly characterized as insufficient to state a claim."  Dkt. 36 at 19.

While Plaintiffs have added a handful of allegations to overcome the *other* fatal flaw in their FAC—namely, the omission of facts from which the Court could infer that any of the alleged violations occurred after the effective date of a prior settlement agreement—Plaintiffs have barely even attempted to add facts to "nudge[] their claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  On the contrary, many of the defects in the SAC are identical to those in the FAC, including the assertion of claims for which no private cause of action exists and the failure to allege facts from which the Court can infer that Plaintiffs were paid less than minimum wage.

Perhaps recognizing the continued shortcomings of the SAC, Plaintiffs request leave to amend their claims for a *third* time.  *See* Dkt. 40 ("Opp'n") at 10, 16, 17, 18.  But this Court has already warned Plaintiffs that the "[f]ailure to remedy the factual defects in the[ir] … claims … will result in their dismissal with prejudice."  Dkt. 36 at 24.  And while leave to amend is ordinarily granted liberally, the Court would be squarely within its discretion in denying Plaintiffs' leave to file a third amended complaint—their fourth pleading in less than a year—given that Plaintiffs have already had one opportunity to cure their deficiencies and failed to do so.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'").

## II.  ARGUMENT

### A.  Plaintiffs Fail to State a Claim With Respect to Any of Their Nine Causes of Action.

#### 1.  Plaintiffs Fail to Allege Facts to Support Their Claim That Uber Did Not Timely Pay Wages (Count I).

Plaintiffs' first count alleges that Uber failed to timely pay earned wages under California Labor Code sections 201 to 204.  *See* SAC ¶¶ 70–84.[1]  As Plaintiffs themselves acknowledge, however, such "'allegations are insufficient to survive dismissal'" where they "'do[] not provide facts describing the date of [plaintiff's] own purported termination, the date she received her own final paycheck, its amount, or the amount she purportedly should have received.'"  Opp'n at 8 (quoting *Partida v. State Bros. Markets*, 2019 WL 1601387, at *7 (C.D. Cal. Feb. 19, 2019)).  While Plaintiffs spend a paragraph recounting the allegations that purportedly establish that they "have pled their claim of failure to pay earned wages with more specificity than the Plaintiffs in … *Partida*" (*id.* at 8–9), those allegations do not address a single one of the topics identified in that case.

The closest Plaintiffs come to pleading even *one* of the necessary elements of this cause of action is their assertion "that they 'have been driving for Defendants prior to March 1, 2019 continuing up to and until approximately March of 2020.'"  *Id.* at 8 (emphasis omitted).  This is an important element because a plaintiff "do[es] not have standing to bring [a] cause of action for failure to timely pay wages after the termination of employment" where she "ha[s] [not] been terminated." *Alvarez v. Hyatt Regency Long Beach*, 2009 WL 10673222, at *4 (C.D. Cal. Aug. 6, 2009).  But the allegation that Plaintiffs "have been driving" through the Uber App "up to and until approximately March of 2020" does not support a plausible inference that their relationship with Uber has been *terminated* because drivers are free to use the Uber App as frequently or infrequently as they like—Plaintiffs may remain users of the Uber App even if they have not used it to find rides for a few months.  And even if the Court could infer (despite the lack of such an allegation) that Plaintiffs no longer have a relationship with Uber, it cannot discern whether their relationships were terminated by Plaintiffs or Uber.  This too is crucial for Plaintiffs' claim, as "§ 201 covers employees terminated by

---

[1]  Plaintiffs also invoke California Labor Code sections 218.5 and 218.6, but those provisions simply allow for the collection of attorney's fees and interest.

their employers, while § 202 covers employees who resign voluntarily," and a "plaintiff cannot seek relief under both §§ 201 and 202, as plaintiff could not have both resigned and been terminated at the same time." *Perez v. DNC Parks & Resorts at Asilomar, Inc.*, 2019 WL 5618169, at *9 (E.D. Cal. Oct. 31, 2019).  Where, as here, "plaintiff has not even alleged in his complaint that he resigned or was terminated," a claim for failure to timely pay wages must be dismissed.  *Id.*

Plaintiffs' attempt to allege a *willful* failure to timely pay wages fares no better.  While they point to their assertion that "Defendants **willfully** failed to pay Plaintiffs' wages pursuant to the requirements of Labor Code §§ 201, 202, and 204" (Opp'n at 9 (quoting SAC ¶ 81)), it is well established that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (*Twombly*, 550 U.S. at 555).  In fact, the Central District of California dismissed a claim for willful failure to timely pay wages where the complaint "offer[ed] no information about when Plaintiff and 'certain members of the proposed class' complained, how they complained (*e.g.*, in-person, telephone, email), who they complained to, or the response(s) they received." *Soratorio v. Tesoro Refining & Mktg. Co.*, 2017 WL 8220415, at *3 (C.D. Cal. Sept. 11, 2017).  Uber cited this case in its motion to dismiss both Plaintiffs' FAC and SAC (*see* Dkt. 19 at 10; Dkt. 39 ("Mot.") at 7), yet Plaintiffs have not so much as mentioned it.

### 2. Plaintiffs Fail to Allege Facts to Support Their Minimum Wage and Overtime Claims (Counts II, V, and VI).

Plaintiffs have likewise failed to plead facts to support their minimum wage and overtime claims.  Defending these claims, Plaintiffs accuse Uber of "erroneously cit[ing] *Landers* [*v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014)] for the proposition that Plaintiffs must plead 'facts demonstrating that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages.'"  Opp'n at 11.  In doing so, Plaintiffs insist that "*Landers* does not require that plaintiffs allege a *specific* workweek during which they worked more than forty hours and did not receive overtime pay, but rather only requires them to allege having 'worked more than forty hours in a *given* workweek without receiving overtime pay'" (*id.*), and "does not require Plaintiffs to plead the 'total number' of unpaid overtime hours" (*id.* at 12).

But Uber has not suggested otherwise. On the contrary, Uber cited *Landers* only for the proposition that "'[a] plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period *and the average rate at which she was paid*.'" Mot. at 9 (quoting *Landers*, 771 F.3d at 645). Plaintiffs' argument that Uber "distorts the actual holding of *Landers*" appears to respond to Uber's motion to dismiss the *FAC*. Opp'n at 11. Indeed, this entire section of Plaintiffs' opposition seems to be copy-and-pasted from their opposition to that motion. *Compare id.* at 10–12, *with* Dkt. 28 at 8–10.

Meanwhile, Plaintiffs fail to address either of the two arguments actually presented by Uber in the instant motion to dismiss. *First*, Uber argued that Plaintiffs did not state a claim for minimum wage or overtime violations because they "fail[ed] to plausibly allege the number of hours they spent working." Mot. at 8. Indeed, Plaintiffs' allegations on this point are contradictory: While the SAC alleges that "Plaintiff GLINOGA worked approximately 60 hours per week on average," "Plaintiff GONZALES worked approximately 50 to 60 hours per week on average," and "Plaintiff NEELY worked approximately 45 hours per week on average" (SAC ¶ 118), it *also* alleges that "[f]or all relevant times, Plaintiffs and Class Members worked about 40 hours per week, sometimes more, sometimes less" (*id.* ¶ 43). This is critical, as a "'district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading.'" *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1133 (N.D. Cal. 2010) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1363 (3d ed. 2004)). Far from reconciling these conflicting allegations, Plaintiffs' opposition simply recites those that it deems favorable while ignoring those that conflict. *See* Opp'n at 12.

Uber's motion to dismiss the SAC also noted that Plaintiffs "do not allege *facts* to support their conclusory estimates" regarding the number of hours they worked—an omission that was particularly fatal given that Plaintiffs "appear[] [to be] counting all time logged onto the Uber App as hours 'worked.'" Mot. at 8. As Uber noted, other district courts have dismissed similar claims where the plaintiff "did not explain 'why [his] hours logged into the Uber app should be considered compensable time'" if he was not actually driving during that time. *Id.* (quoting *Yucesoy v. Uber*

*Techs., Inc.*, 2015 WL 6955140, at *3 (N.D. Cal. Nov. 10, 2015)). Again, Plaintiffs have nothing to say on this point in their opposition.

*Second*, Uber argued in its motion to dismiss the SAC that Plaintiffs failed to state a claim for minimum wage violations because they "fail to adequately allege what they were paid for their time worked." *Id.* at 9. This is no mere technical error: Even if the Court could infer that Plaintiffs were not paid for all hours worked, it cannot infer that they were paid *less than the minimum wage* without knowing their actual rate of pay. *See, e.g., Landers*, 771 F.3d at 645 ("A plaintiff may establish a plausible claim by estimating the length of her average workweek and the average rate at which she was paid."); *Barajas v. Carriage Servs., Inc.*, 2019 WL 6699737, at *1–2 (N.D. Cal. Dec. 9, 2019) (dismissing minimum wage claims where plaintiff was not paid for all time worked, but her hourly rate still exceeded the statutory minimum wage); *Amador-Stewart v. Snooze HiC LLC*, 2019 WL 459837, at *4 (S.D. Cal. Sept. 23, 2019) (dismissing claims where plaintiff "allege[d] that the federally-mandated wage was $7.25, but does not say what she was paid, or provide any other facts giving rise to a reasonable inference that she was paid less than that"). All Plaintiffs offer in support of their argument that their "allegations give rise to a plausible claim that UBER knowingly deprived Plaintiffs of minimum wage" is the conclusory assertion that their "'compensation for said ride or rides over the course of a week … c[a]me out to less than minimum wage per hour.'" Opp'n at 13 (quoting SAC ¶¶ 91–93). This is not enough under governing caselaw.

### 3. There Is No Private Right of Action for Failure to Maintain Records and Plaintiffs Do Not Adequately Allege a Failure to Maintain Records (Count III).

Plaintiffs do not meaningfully dispute that there is no private right of action for their claim that Uber failed to maintain required records. On the contrary, their own cases concede that there is not. *See, e.g., Noe v. Superior Court*, 237 Cal. App. 4th 316, 339 (2015) ("Where ... a Labor Code provision provides for a 'civil penalty' and contains no language suggesting the penalty is recoverable directly by employees, *no private right of action is available other than through a PAGA claim*.") (emphasis added); *Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 958 (N.D. Cal. 2016) (finding no right of private action under Labor Code section 1174; *see also* Opp'n at 14.

Instead, they argue that "because Plaintiffs' SAC asserts a claim under the PAGA as the eight [sic] cause of action, Plaintiffs indeed have a private right of action for several portions of the Labor Code, including failure to maintain required records under section 1174(d)." Opp'n at 13. But whether Plaintiffs have stated a claim in their *eighth* cause of action under *PAGA* is irrelevant to the question whether they have stated a claim in their *third* cause of action under *section 1174*. The California Supreme Court has observed that the very point of PAGA is to allow for private enforcement of Labor Code provisions that do *not* otherwise allow for private enforcement. *See Arias v. Superior Court*, 46 Cal. 4th 969, 980 (2009) ("The Legislature declared that adequate financing of labor law enforcement was necessary to achieve maximum compliance with state labor laws, that staffing levels for labor law enforcement agencies had declined and were unlikely to keep pace with the future growth of the labor market, and that it was therefore in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations."). Even if PAGA provides a cause of action for vindicating claims that do not by their own force allow private enforcement, it does not somehow create an independent cause of action under section 1174.

But irrespective of the vehicle through which Plaintiffs assert it, their claim for failure to maintain records must still be dismissed under *Twombly*. The sole substantive allegation supporting this claim in the SAC reads as follows: "Plaintiffs are informed and believe and based thereon allege that during all times relevant to the Class Period, Defendants failed to comply with § 7 of IWC Order 4-2001 and with Labor Code § 1174 by failing to maintain certain records which employers are required to maintain, including but not limited to, records of hours worked, meal periods provided to each employee, and overtime worked, and wages paid." SAC ¶ 101. Courts routinely find such conclusory allegations inadequate. In *Kemp v. International Business Machines Corp.*, 2010 WL 4698490 (N.D. Cal. Nov. 8, 2010), for example, Judge Patel dismissed a claim for failure to maintain records where the plaintiff's "sole factual allegation in support [of] his record-keeping claim is: 'Plaintiff has been unable to obtain payroll records from any central location in California or from the establishment at which he is employed showing his total hours worked daily and all wages paid. Upon information and belief, no such centralized records exist in the state of California." *Id.* at *4.

As the court explained, "[s]uch an allegation does not demonstrate beyond a highly speculative level that IBM may actually be engaged in unlawful record-keeping practices" because the plaintiff "does not allege that he ever requested employment records from IBM or that he undertook any good faith investigation into the existence of those records." *Id.*; *see also*, *e.g.*, *Duran v. Maxim Healthcare Servs. Inc.*, 2018 WL 5915644, at *6 (C.D. Cal. Mar. 9, 2018) ("Plaintiffs do not provide any factual details to support their allegation that Defendant failed to maintain records, and instead Plaintiffs' allegations simply mimic the legal standard in a conclusory manner—alleging that Plaintiffs 'are informed and believe … [that] Defendant[] … fail[ed] to maintain certain records which employers are required to maintain, including, but not limited to, keeping records evidencing every hour worked by Plaintiffs.'") (citing *Kemp*, 2010 WL 4698490, at *4).

Thus, Plaintiffs fail to state a claim for failure to maintain required records both under section 1174 and under PAGA.

### 4. Plaintiffs Fail to Allege Facts That Support Their Wage Statements Claim (Count IV).

Plaintiffs' wage statements claim fails because "Plaintiffs do not identify which wage statements are allegedly deficient, how they were deficient, or what injuries they sustained as a result." Mot. at 10–11 (citing *Byrd v. Masonite Corp.,* 2016 WL 756523, at *3 & n.6 (C.D. Cal. Feb. 25, 2016)). Plaintiffs accuse Uber of "tone-deaf[ness]," insisting that the SAC alleges that "UBER has never provided wage statements to Plaintiffs and the SAC alleges that" (Opp'n at 15 (citing SAC ¶ 110)), and that "[t]his deficiency is *the* non-compliance around which section 226(a) orbits" (*id.*). But the SAC does *not* allege that Plaintiffs never received *any* wage statement; rather, it alleges that they "never received any wage statement *with all required information set forth under Labor Code § 226*." SAC ¶ 110 (emphasis added); *see also id.* ¶ 112 ("To date, Plaintiffs GLINOGA, GONZALES, and NEELY have not once received any wage statement *with all required information set forth under Labor Code § 226*.") (emphasis added). And while Plaintiffs allege that Uber failed to include eight distinct types of information required in wage statements, they conspicuously omit any allegation that Uber failed to provide "the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis." Cal. Labor Code § 226(a)(3); *see* SAC ¶ 111.

Notably, Uber raised this same objection in its motion to dismiss the FAC, but Plaintiffs have done nothing to remedy it.  *See* Dkt. 19 at 12–13.

Moreover, Plaintiffs "seek damages, penalties, costs and attorneys' fees pursuant to Labor Code § 226 subdivision (e)" (SAC ¶ 113), but that provision allows recovery only for "[a]n employee suffering injury as a result of a *knowing and intentional* failure by an employer to comply with subdivision (a)" (Cal. Labor Code § 226(e)(1) (emphasis added)).  To recover under section 226(e), "Plaintiffs must show that (1) [Uber] failed to provide compliant wage statements under Cal. Lab. Code § 226(a), (2) [Uber's] failure to do so was 'knowing and intentional,' and (3) Plaintiffs were injured as a result."  *Magadia v. Wal-Mart Associates, Inc.*, 384 F. Supp. 3d 1058, 1080 (N.D. Cal. 2019).  Nowhere in either the SAC or Plaintiffs' opposition is there even a conclusory assertion that Uber's alleged failure to provide accurate wage statements was knowing and intentional.  The SAC thus fails to state a claim and should be dismissed.

**5.    Plaintiffs Fail to Adequately Allege a Viable Predicate Violation to Support Their UCL and PAGA Claims (Counts VII and VIII).**

Plaintiffs do not dispute that if their underlying causes of action fail, their derivative UCL and PAGA claims must also fail.  *See Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1147 (2011); *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1011 (N.D. Cal. 2016).  Because that is the case here, the Court should dismiss these derivative claims.

**6.    Plaintiffs Fail to Allege Compliance With PAGA's Procedural Prerequisites (Count VIII).**

Irrespective of whether Plaintiffs allege a predicate violation of the California Labor Code, the Court must dismiss their PAGA claim for failure to adequately plead compliance with PAGA's procedural requirements.  The Court expressly highlighted this failure in granting Uber's motion to dismiss the FAC.  *See* Dkt. 36 at 23 ("[T]he MTD plaintiffs failed to allege that the LWDA provided 'no notice' within 65 days of their notice of defendant's alleged violations to that agency," but rather "allege[d] only the date that *they* provided the LWDA with such notice.").

In response, Plaintiffs allege in the SAC that "Plaintiffs provided written notice *by certified mail* to the LWDA and to UBER of the specific provisions of the California Labor Code alleged to have been violated."  SAC ¶ 153 (emphasis added).  But the PAGA statute itself is clear that an

Gibson, Dunn & Crutcher LLP

aggrieved employee must "give written notice *by online filing* with the [LWDA]." Cal. Labor Code § 2699.3(a)(1)(A) (emphasis added).[2] Plaintiffs concede they have not pleaded such compliance, instead asking the Court for leave to amend "because the SAC lacks the phrase 'notice was also given online.'" Opp'n at 16. As explained below, leave to amend is not warranted, especially after the Court has already dismissed Plaintiffs' PAGA claim once for the same failure to plead compliance with PAGA's procedural requirements. *See infra* at 11–12.

In any event, Plaintiffs have failed to adequately allege the *contents* of the notice provided to the LWDA. The entirety of the relevant allegation reads as follows: "On or about November 1, 2019, Plaintiffs provided written notice by certified mail to the LWDA and to UBER of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. No notice was provided by the LWDA regarding any intentions to investigate the alleged violations." SAC ¶ 153. To be sure, these allegations are *necessary* to state a valid PAGA claim. *See Varsam v. Laboratory Corp. of America*, 120 F. Supp. 3d 1173, 1182–83 (S.D. Cal. 2015) ("To plead compliance with the exhaustion requirements, Plaintiff should first list '(1) when [Plaintiff] notified the LWDA about the … violations, (2) what, if any, response [s]he received from the LWDA, or (3) how long [s]he waited before commencing this action.'"). But they are not *sufficient*. Rather, "*[a]dditionally*, Plaintiff should plead *what* 'facts and theories,' which would qualify as sufficient notice, have been provided to the LWDA" because "[w]ithout these sorts of factual details, Plaintiff is only asserting a legal conclusion, insufficient to state a claim." *Id.* at 1183 (emphases added). Plaintiffs do not dispute that they have failed to do so—instead, they insist that "whether or not the LWDA letter passes muster … cannot be ruled on by the Court in the present motion because the LWDA letter itself is not before the Court." Opp'n at 16. But this misses the point. Regardless of whether the LWDA letter passes muster, the *SAC* does not

---

[2] Plaintiffs complain that "UBER improperly cites to *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007), which says nothing about a requirement to allege notice by online filing in order to state a plausible claim." Opp'n at 16. But *Thomas* stands for the proposition that "a party bringing a civil action must plead compliance with the pre-filing notice and exhaustion requirement" (*Thomas*, 527 F. Supp. 2d at 1007)—the PAGA statute itself states that this "pre-filing notice and exhaustion requirement" includes online filing of a grievance.

because it does not adequately allege the *contents* of that letter.³ Without knowing the facts and theories that Plaintiffs raised before the LWDA, there is no basis for inferring that they have properly exhausted the PAGA theories asserted in this action. Consequently, the Court should dismiss Plaintiff's PAGA claim.

> **7. There Is No Private Cause of Action for Plaintiffs' Willful Misclassification Claim and, Even if There Were, Plaintiffs Fail to Allege Facts to Support This Claim (Count IX).**

It is well settled under California law that there is no private right of action for a willful misclassification claim under the Labor Code. *See Villalpando v. Exel Direct Inc.*, 2014 WL 1338297, at *19 (N.D. Cal. Mar. 28, 2014); *Lee v. Postmates Inc.*, 2018 WL 6605659, at *9–10 (N.D. Cal. Dec. 17, 2018); *Rosset v. Hunter Eng'g Co.*, 2014 WL 3569332, at *8 (N.D. Cal. July 7, 2014). Rather than argue otherwise, Plaintiffs resort to the same tactic employed with respect to their wage statement claim by ignoring this fatal defect and insisting that "Plaintiffs, *by way of their PAGA claim*, stand in the shoes of the Attorney General." Opp'n at 17. But as explained above, the availability of an alternative vehicle for vindicating their asserted rights under the misclassification statute does not empower Plaintiffs to assert a freestanding willful misclassification claim under that statute directly. *See supra* at 6.

Even if such a private right of action existed, Plaintiffs have not adequately stated a claim for willful misclassification. All they offer on this front is their conclusory assertion that Uber acted "intentionally" in purportedly misclassifying drivers, explaining that "[i]ntentional is interchangeable with willful, voluntary, and knowing." Opp'n at 17. But "[n]oticeably absent from the Complaint are any *facts* which plausibly suggest that [defendant]'s alleged violations were willful." *Kellgren v. Petco Animal Supplies, Inc.*, 2013 WL 12076473, at *3 (S.D. Cal. Sept. 13, 2013) (emphasis added). Conclusory assertions like those in the SAC are plainly insufficient to state a claim. *See id.* (granting motion to dismiss where plaintiff's allegations that defendant "willfully violated the FLSA" "lack[ed] sufficient factual matter to satisfy the plausibility standard set forth in *Iqbal* and *Twombly*" because it

---

³ For this reason, Plaintiffs' assertion that Uber's requested relief would only be proper "through a dispositive motion under Rule 53 [sic]" (Opp'n at 16) misses the mark. While Rule 56 (the Rule Plaintiffs presumably mean to cite) is the proper vehicle for challenging the sufficiency of a party's *evidence*, Uber challenges the sufficiency of Plaintiffs' *pleadings*.

"[c]ontain[ed] no factual allegations demonstrating that Petco showed reckless disregard of whether its alleged conduct was prohibited by the FLSA"); *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1147–48 (9th Cir. 2012) (affirming dismissal of complaint where plaintiffs' allegations of defendants' knowledge were "merely conclusory").

**B.     The Court Should Dismiss Plaintiffs' Claims With Prejudice.**

Perhaps recognizing the pervasive shortcomings of their latest pleading, Plaintiffs request in the alternative "leave to amend the SAC." Opp'n at 18. But while "[t]he Federal Rules of Civil Procedure state that leave to amend 'shall be freely given when justice so requires,'" the Ninth Circuit has confirmed that "[t]he decision of whether to grant leave to amend nevertheless remains within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] the futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008). And "where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'" *Zucco Partners*, 552 F.3d at 1007.

This Court should exercise its discretion to deny Plaintiffs' request for leave to amend. Plaintiffs have already filed *three* complaints in less than a year. Uber moved to dismiss Plaintiffs' last attempt to plead their misclassification and wage-and-hour claims on the ground that they asserted "claims [that] cannot be brought by a private plaintiff" and failed to assert "'factual allegations … plausibly suggest[ing] an entitlement to relief.'" Dkt. 19 at 1. In granting this motion, the Court expressly criticized the FAC's allegations as "a mix of conclusory and 'a formulaic recitation of the elements of a cause of action'" (Dkt. 36 at 19), warning Plaintiffs that "[f]ailure to remedy the factual defects in the MTD plaintiffs' claims—including, *without limitation*, those identified above—will result in their dismissal with prejudice" (*id.* at 24 (emphasis added)).

Yet the SAC suffers from the very same shortcomings. There is no reason to believe that a *fourth* complaint will at last cure the deficiencies of the previous three, especially when those deficiencies have already been clearly identified and Plaintiffs have been warned of the consequences

of failing to address them.  As a result, the SAC's continued defects amply support dismissal with prejudice.  *See Doan v. Singh*, 617 F. App'x 684, 686 (9th Cir. 2015) ("[T]he district court warned Plaintiffs that given the initial complaint's failure to satisfy rudimentary pleading standards, they would get only one opportunity to amend the complaint …. Plaintiffs' amended RICO claim suffered from the same deficiencies.  The district court did not abuse its discretion in denying Plaintiffs further leave to amend."); *San Francisco Patrol Special Police Officers v. City and County of San Francisco*, 13 F. App'x 670, 675 (9th Cir. 2001).

### III.  CONCLUSION

For the foregoing reasons, this Court should grant Uber's motion and dismiss Plaintiffs' SAC with prejudice.

Dated: September 18, 2020               GIBSON, DUNN & CRUTCHER LLP

                                        By:      */s/ Theane Evangelis*
                                                 Theane Evangelis

                                        Attorneys for Defendant UBER TECHNOLOGIES, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of September, 2020, I filed the foregoing document with this Court using the CM/ECF filing system. This system sends notifications of such filing and service to all counsel of record.

GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Theane Evangelis*
          Theane Evangelis

Attorneys for Defendant UBER TECHNOLOGIES, INC.