UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERICHO NICHOLAS, et al.,<br>　　Plaintiffs,<br>　　v.<br>UBER TECHNOLOGIES, INC.,<br>　　Defendant. | Case No. 19-cv-08228-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br>Re: Dkt. No. 39 |

Before the court is defendant Uber Technologies, Inc.'s ("defendant") motion to dismiss (Dkt. 39) plaintiffs' second amended complaint. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby **GRANTS** defendant's motion to dismiss.

## BACKGROUND

This suit is a putative wage and hour class action premised on the alleged violation of various California and federal labor laws. Defendant develops and maintains a technology platform that connects riders with ride-share drivers through a mobile-device application (the "Uber App"). Dkt. 37 (Second Amended Complaint ("SAC")) ¶ 15. Plaintiffs Mark Glinoga ("Glinoga"), Alexis Gonzalez ("Gonzalez"), and Kevin Neely ("Neely") seek to represent a class comprising "all individuals working or having worked as 'ride-share drivers'" for defendant within the State of California. Id. ¶ 1.

On July 17, 2020, the court issued an order compelling 45 of the 48 plaintiffs named in this suit's first amended complaint ("FAC") to individual arbitration. Dkt. 36 at 7-15. The remaining three plaintiffs—Glinoga, Gonzalez, and Neely—were not compelled to arbitration, so the court analyzed the viability of their claims. Dkt. 36 at 16-24.

1    In its analysis, the court identified two deficiencies in them.  First, plaintiffs failed to
2    proffer any non-conclusory allegation plausibly suggesting that defendant committed a
3    labor law violation against them after February 28, 2019.  Id. at 17-19.  Second, plaintiffs
4    failed to allege that they had even used the Uber App after that date, which, under
5    plaintiffs' theory of liability, is a necessary factual predicate to state a claim.  Id. at 19-20.

6    The court dismissed these claims with prejudice to the extent they rested on
7    violations that occurred prior to March 1, 2019.  Id. at 24.  The court reasoned that any
8    claim resting on such a violation was barred by the doctrine of claim preclusion pursuant
9    to a class settlement previously reached in an action before Judge Chen, O'Connor v.
10   Uber Techs., Inc., 13-cv-03826-EMC.  Id. at 17-20.  However, to the extent the claims
11   were based on violations that occurred on or after March 1, 2019, the court permitted
12   plaintiffs leave to amend.  Id. at 24.

13   On August 14, 2020, plaintiffs filed their operative pleading, the SAC.  Dkt. 37.
14   Like the FAC, the SAC alleges that, since the California Supreme Court's decision in
15   Dynamex Operations West v. Superior Court, 4 Cal. 5th 903 (2018) and the California
16   state legislature's passage of Assembly Bill 5 ("A.B. 5"), previously codified at California
17   Labor Code § 2750.3,[1] defendant has misclassified plaintiffs as "independent contractors"
18   rather than "employees."  Id. ¶¶ 21-54.  Based on that misclassification, plaintiffs allege
19   claims for the following:

20   • Violation of California Labor Code §§ 201-04, 218.5, and 218.6 premised on
21     defendant's failure to pay timely earned wages during employment and on
22     separation of employment. Id. ¶¶ 70-84.

23   • Violation of §§ 1182.12, 1194, 1194.2, 1197, and Industrial Welfare
24     Commission ("IWC") Wage Order No. 4-2001 § 3(A) premised on
25     defendant's failure to pay minimum wages. Id. ¶¶ 85-98.

26   • Violation of § 1174.5 and Wage Order No. 4 § 7 premised on defendant's

---

[1] The court notes that California Labor Code § 2750.3 was repealed effective September 3, 2020.  Cal. Lab. Code § 2750.3.

United States District Court
Northern District of California

failure to maintain required records. Id. ¶¶ 99-107.

- Violation of § 226 premised on defendant's failure to provide accurate wage statements. Id. ¶¶ 108-15.
- Violation of Title 29 U.S.C. § 206 (the Fair Labor Standards Act ("FLSA")) premised on defendant's failure to pay minimum wages. Id. ¶¶ 116-22.
- Violation of Title 29 U.S.C. § 207 and Title 29 C.F.R. § 778.106 premised on defendant's failure to pay overtimes wages. Id. ¶¶ 123-33.
- Violation of California Business and Professions Code §§ 17200, *et. seq.* premised on the above-referenced violations. Id. ¶¶ 134-44.
- California Labor Code § 2698, *et. seq.* (Private Attorney General Act ("PAGA")) seeking civil penalties as an "aggrieved employee" for the above-referenced violations of the California Labor Code. Id. ¶¶ 145-56.
- Violation of California Labor Code § 2750.3 for misclassification of plaintiffs' employment status. Id. ¶¶ 157-64.

Plaintiffs purport to bring each of these claims on both a direct and representative basis. Id. ¶¶ 71-164.  To substantiate these claims in their SAC, plaintiffs largely rely on the same allegations proffered in the FAC.  See Dkt. 38 (redline comparing SAC to FAC).  However, plaintiffs add a handful of allegations that they then repeat throughout the SAC.  The court will detail and address those additions as necessary below.

On August 28, 2020, defendant filed the instant motion to dismiss the SAC in its entirety.  Dkt. 39.  In it, defendant again argues that, despite the additional allegations, plaintiffs still fail to proffer sufficient facts to state any of the above-referenced claims.

**DISCUSSION**

**A.    Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Rule 8 requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), dismissal "is

proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007).

As a general matter, the court should limit its Rule 12(b)(6) analysis to the contents of the complaint, although it may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007) ("a court can consider a document on which the complaint relies if the document is central to the plaintiff's claim, and no party questions the authenticity of the document"). The court may also consider matters that are properly the subject of judicial notice, Lee v. City of L.A., 250 F.3d 668, 688–89 (9th Cir. 2001), exhibits attached to the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced extensively in the complaint and documents that form the basis of the plaintiff's claims, No. 84 Emp'r-Teamster Jt. Counsel Pension Tr. Fund v. Am. W. Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

**B.    Analysis**

At the outset, the court makes two preliminary observations.  First, when challenging plaintiffs' claims, it appears defendant does ***not*** argue that plaintiffs do not qualify as employees within the meaning of Dynamex or California Labor Code § 2750.3. Given that omission, the court will, for purposes of this motion, assume that plaintiffs qualify as employees.

Second, the parties largely overlook an apparent threshold legal question in this action—namely, whether the time spent by plaintiffs on the Uber App between rides

waiting for requests qualifies as compensable under California and federal law. Detailed below, plaintiffs' failure to establish that legal fact affects the minimum wage and overtime claims, which, in turn, affect the viability of the § 17200 claim that rests on them.

### 1. Plaintiffs Fail to State a Claim for Failure to Pay Minimum Wage or Overtime

In relevant part, California Labor Code § 1194 provides the following:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. Cal. Lab. Code § 1194(a).

Under federal law, Title 29 U.S.C. § 206 and § 207 similarly "set a national minimum wage . . . and requires overtime pay of one and a half times an employee's hourly wage for every hour worked over 40 hours in a week." Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 640 (9th Cir. 2014), as amended (Jan. 26, 2015).

In Landers, the Ninth Circuit considered whether the district court properly dismissed plaintiff's minimum wage and overtime claims, brought under federal law, for failure to allege sufficient facts. 771 F.3d at 639. The panel in Landers described plaintiff's complaint as alleging, in relevant part, the following:

> (1) plaintiff was employed by defendant;
> (2) his employment was subject to FLSA's minimum wage and overtime conditions;
> (3) he was not paid at the minimum wage; and
> (4) he was subjected to a "piecework no overtime" wage system, in which he worked over forty hours per week without overtime compensation. Id. at 640, 645-46

Before assessing the viability of these allegations, the Landers panel set forth a detailed statement and explanation of the import of the Twombly/Iqbal plausibility requirement to actions brought under FLSA. Id. at 641-45. After surveying the decisions of other circuit courts determining the degree of detail necessary to state these claims under FLSA, the Landers panel boiled down such requirements to the following rules:

- To state a claim for overtime, a plaintiff *must* allege that he or she worked

- To state a claim for overtime, a plaintiff *may* allege an estimate of the length of her average workweek during the applicable period, the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility. Id. at 645.

- To state a claim for overtime, a plaintiff is *not* required to estimate the total number of overtime hours at issue. Id.

Applying these rules to the complaint at hand, the Landers panel held that plaintiff failed to state a claim for unpaid overtime and minimum wages. Id. Critically, it reasoned that plaintiff failed to provide "any detail regarding a given workweek when [he] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." Id. at 646.

### a. **Federal and State Law Claims for Failure to Pay Minimum Wage**

To substantiate their claims for failure to pay minimum wage, plaintiffs principally rely on the following allegations at paragraphs 93 and 118:

> [S]ince March 1, 2019, [plaintiffs] have had the application set to "on," waiting for an UBER customer request for long periods of time; often times spending more time waiting for a ride request than driving a customer resulting in the compensation for said ride or rides over the course of a week to come out to less than minimum wage per hour. SAC ¶ 93 (state law claim)
>
> . . .
>
> [Plaintiffs] have been driving for Defendants prior to March 1, 2019 continuing up to and until approximately March of 2020. During the entirety of his employment, [Glinoga] worked approximately 60 hours per week on average but was only paid by Defendants for approximately 30 of those hours on average. During the entirety of his employment, [Gonzalez] worked approximately 50 to 60 hours per week but was paid by Defendants for approximately 40 to 42 of those hours on average. During the entirety of his employment, [Neely] worked approximately 45 hours per week but was only paid by Defendants for approximately 25 of those hours on average. As such, [plaintiffs] were not earning minimum wage. Id. ¶ 118

6

(federal law claim).

These claims fail for two reasons. First, plaintiffs do not explain how they calculated the hours allegedly worked. To the extent plaintiffs' theory is that they worked whenever they had the Uber App set to the "on" position while waiting to see and accept ride requests, id. ¶¶ 56-58, 93, they fail to establish why such time is compensable under California or federal law.

Defendant point out this shortcoming in its opening brief. Dkt. 39 at 14-15. Principally citing Judge Chen's decision in Yukesoy v. Uber Techs., Inc., 2015 WL 6955140 (N.D. Cal. 10, 2015) and Magistrate Judge Corley's decision in Tan v. GrubHub, Inc., 171 F. Supp. 3d 998 (N.D. Cal. 2016), defendant cursorily suggests that minimum wage and overtime claims are subject to dismissal where, as here, a plaintiff fails to explain why the subject waiting time qualifies as legally compensable.

Plaintiffs neglect any response to that argument in their opposition. In that brief, they also fail to proffer any authority or non-conclusory argument to support their position that the time spent waiting between rides is legally compensable. These omissions are critical because, at least under California law, whether time purportedly worked qualifies as compensable is a question of law.

Under California law, wage and hour claims are "governed by two complementary and occasionally overlapping sources of authority: the provisions of the Labor Code, enacted by the Legislature, and a series of 18 wage orders, adopted by the IWC [Industrial Wage Commission]." Mendiola v. CPS Sec. Sols., Inc., 60 Cal. 4th 833, 838 (2015). "Wage Order 4 requires that employers 'pay to each employee . . . not less than the applicable minimum wage for all *hours worked* in the payroll period . . . It also requires that employees be paid one and one-half times their regular rate of pay for 'all *hours worked* over 40 hours in the workweek' . . . and for "all *hours worked* in excess of eight (8) hours . . . in any workday." Id. at 839 (quoting Cal. Code Regs. tit. 8, § 11040 ("Wage Order 4")) (emphasis in the original). In relevant part, Wage Order 4 defines the term "hours worked" as follows:

> (K) "Hours worked" means the time during which an employee is **subject to the control of** an employer, and includes all the time the employee is **suffered or permitted to work**, whether or not required to do so. Wage Order 4, § 2(K) (emphasis added).

The California Supreme Court has clarified that the "control of an employer" clause and the "suffered or permitted to work" clause establish "independent factors, each of which defines whether certain time spent is compensable as 'hours worked.'" Frlekin v. Apple Inc., 8 Cal. 5th 1038, 1046 (2020), reh'g denied (May 13, 2020).  It has further explained that the subject to the control clause generally applies "[w]hen an employer directs, command, or restrains an employee from leaving the workplace . . . and thus prevents the employee from using the time effectively for his or her own purposes." Mendiola v. CPS Sec. Sols., Inc., 60 Cal. 4th 833, 840 (2015).  Numerous factors, including, for example, geographical restrictions on an employee's movement, are relevant to determine employer control.  Id.

The meaning of the suffered or permitted to work clause appears less settled.  Yet, based on paragraph 90, it appears that that clause serves as plaintiffs' legal basis for the purported compensability of their waiting time.[2]  Paragraph 90, however, provides only that plaintiffs "have not been paid minimum wages for all hours suffered or permitted to work in violation of the minimum wage provisions" of California law.  This allegation is a legal conclusion and, without more, insufficient to show that plaintiffs are entitled to relief under state law for their alleged waiting time between rides.  Separately, plaintiffs' federal law minimum wage claim altogether lacks any theory or authority to support why its estimates of the alleged waiting time at paragraph 118 qualifies as compensable under FLSA.  See SAC ¶¶ 116-22.  Again, plaintiffs fail to address these shortcomings in their opposition.

---

[2] Plaintiffs include allegations about defendant's control at paragraphs 24 through 32. However, those allegations primarily discuss vehicle size and cosmetic requirements. They are also directed at rebutting any argument by defendant that plaintiffs do not qualify as employees under California Labor Code § 2750.3, SAC ¶¶ 20-23, and omit any reference to the time spent waiting for ride requests.  Plaintiffs further neglect any reference to control in the statement of the minimum wage claims.  Id. ¶¶ 85-98, 116-22.

Second, and independent of the above, plaintiffs fail to allege what they were paid for the time worked. At best, paragraph 118 details only the hours that they were paid for and the hours that they worked. Those sums do not compel the inference that plaintiff earned less than minimum wage for all the hours at issue. Defendant points out this shortcoming in its opening brief. Dkt. 39 at 15. Plaintiffs fail to proffer any response in their opposition. Instead, they repeat their legal conclusion that, when accounting for waiting time, they have been paid "less than minimum wage per hour." Dkt. 40 at 19 (citing SAC ¶ 91-93). Thus, even if the court found that all time at issue was legally compensable, the minimum wage claims still fail because the court cannot infer that plaintiffs were paid below minimum wage *without* knowing their actual rate of pay. Given the above, the court dismisses the claims for failure to pay minimum wages.

### b. Federal Law Claim for Failure to Pay Overtime

To substantiate their claim for failure to pay overtime, plaintiffs principally rely on the following allegation at paragraph 130:

> [Plaintiffs] have been driving for Defendants prior to March 1, 2019 continuing up to and until approximately March of 2020. During the entirety of his employment, [Glinoga] worked approximately 20 hours of overtime each week on average. During the entirety of his employment, [Gonzalez] worked approximately 10 to 20 hours of overtime each week on average. During the entirety of his employment, [Neely] worked approximately 5 hours of overtime each week on average. To date, Defendants have not paid [plaintiffs] proper overtime pay for the overtime hours they worked. Id. ¶ 130.

This claim fails for three reasons. First, as repeated throughout Landers, a plaintiff must, at minimum, allege a "given workweek" when he or she worked in excess of 40 hours without overtime pay. See Landers, 771 F.3d at 644-46 (repeating the term "given workweek" or "given week" five times in the course of its holding). Paragraph 130, however, alleges only the "average" hours of overtime that plaintiffs worked per week "during the entirety of [their] employment." It does not identify a "given workweek" that they worked in excess of 40 hours without special compensation.

Second, similar to the deficiencies in their minimum wage claims, plaintiffs fail to

explain how they calculated the total hours detailed in paragraph 130.  To the extent plaintiffs' theory is that they worked whenever they had the Uber App set to the "on" position while waiting for ride requests, SAC ¶¶ 56-58, they fail to explain or otherwise establish why such time is legally compensable under FLSA.  Defendant points out this omission in its opening brief, Dkt. 39 at 14-15, but, as noted above, plaintiffs fail to proffer any response.

Third, plaintiffs fail to allege the other sorts of permissible details that the panel in Landers suggested as probative for finding a plausible claim for failure to pay overtime.  Such details include how much plaintiffs were paid for their time at issue or the amount of overtime wages they believe they are owed.  Landers, 771 F.3d at 645.  Given the above, the court dismisses the claim for failure to pay overtime.

### 2. Plaintiffs Fail to State a Claim for Failure to Timely Pay Wages

In relevant part, California Labor Code § 201 requires that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Lab. Code § 201(a).  This requirement also applies in the event an employee resigns from his or her employment. Id. § 202(a).  If an employer "willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid" for a maximum of 30 days. Id. § 203(a).

To substantiate their claim for failure to timely page wages, plaintiffs allege that they "were not properly paid pursuant to the requirements of Labor Code §§ 201, 202, and 204 and thereby seek the unpaid wages."  SAC ¶ 76.  Plaintiffs add that defendants failed to pay the wages required under the subject sections "with the intent to secure for themselves a discount on their indebtedness and/or with intent to annoy harass, oppress, hinder, delay and/or defraud Plaintiffs." Id. ¶ 81.

This claim fails for two reasons.  First, plaintiffs do not allege that their purported employment relationship with defendant has, in fact, been terminated.  At best, plaintiffs vaguely suggest that such relationship ended in March 2020.  SAC ¶ 130 (Plaintiffs "have

been driving for Defendants prior to March 1, 2019 continuing *up to and until approximately March of 2020*.") (emphasis added).  Elsewhere in the SAC, though, plaintiffs imply that they continue to work as drivers.  Id. ¶ 77 ("Since March 1, 2019, Plaintiffs GLINOGA, GONZALES, NEELY, *have been working* as UBER drivers by use of the UBER application . . .") (emphasis added).  The apparent tension between these allegations undermines a plausible inference that plaintiff's employment with defendant has been terminated.

Second, plaintiffs fail to proffer any non-conclusory facts showing that defendant acted willfully when allegedly failing to pay plaintiffs' wages.  To be sure, plaintiffs point to defendant's alleged "intent" to "secure a discount" or "annoy, harass, oppress, hinder, delay, or defraud" to substantiate such willful conduct.  Dkt. 40 at 10-11.  But those allegations, too, lack a factual basis and, in any event, are made on information and belief.  Accordingly, the court dismisses the claim for failure to timely pay wages.

### 3. Plaintiffs Fail to State a Claim for Failure to Provide Accurate Wage Statements

California Labor Code § 226 requires an employer to periodically provide its employee with an accurate itemized statement in writing that details various categories of information.  Cal. Lab. Code § 226(a).  Such categories include: (1) gross wages earned; (2) total hours worked; (3) applicable deductions; (4) net wages earned; and (5) all applicable hourly rates in effect during the pay period.  Id.  To state a claim under § 226, a plaintiff must allege an injury that resulted from the employer's knowing and intentional failure to comply with the above requirements.  Id. § 226(e)(1).  An employee suffers an injury if the employer fails to provide a wage statement.  Id. § 226(e)(2)(A).

To substantiate their claim for failure to provide accurate wage statements, plaintiffs rely on the following allegation:

> [Plaintiffs] never received any wage statement with all required information set forth under Labor Code § 226 from Defendants, and Plaintiffs suffered damages from not receiving wage statements.  SAC ¶ 110.

1  This claim fails for two reasons. First, plaintiffs fail to identify the deficient
2  statements at issue. In their opposition, plaintiffs suggest that they need not identify such
3  statements because they do not exist. Dkt. 40 at 15-16 ("UBER has never provided
4  wage statements to Plaintiffs and the SAC alleges that."). Plaintiffs are wrong: paragraph
5  118 alleges that plaintiffs have not received a statement **with all required information**.
6  Plainly, that allegation is different than plaintiffs not receiving a wage statement at all.
7  Second, plaintiffs fail to allege any facts showing that, even if defendant failed to
8  provide a wage statement, such failure was knowing and intentional. Accordingly, the
9  court dismisses the claim for failure to provide an accurate wage statement.

### 4. Plaintiffs Fail to State a Claim for Failure to Maintain Required Records

12  California Labor Code § 1174 requires employers to maintain payroll records
13  detailing certain employment related information. Cal. Lab. Code § 1174(d). Any
14  employer who willfully fails to maintain such records is subject to a penalty. Id. § 1174.5.
15  The parties contest whether plaintiffs, as private litigants, may sue to recover for
16  an alleged violation of § 1174. Both cite a string of district court authority purporting to
17  support their positions. Compare Dkt. 39 at 16 with Dkt. 40 at 14-15.
18  The court agrees with defendant that plaintiffs do not have a private right of action
19  under the Labor Code to sue for the alleged violations at issue. Noe v. Superior Court,
20  237 Cal. App. 4th 316, 339 (2015) ("[W]here, as here, a Labor Code provision provides
21  for a 'civil penalty' and contains no language suggesting the penalty is recoverable
22  directly by employees, no private right of action is available other than through a PAGA
23  claim."). However, as defendant itself acknowledges, plaintiffs may pursue this claim as
24  a private attorney general under California Labor Code § 2698, *et. seq.* Dkt. 41 at 11
25  (citing Arias v. Superior Court, 46 Cal. 4th 969, 980 (2009) for the proposition that PAGA
26  was intended to allow for private enforcement of Labor Code provisions that do not
27  otherwise permit private enforcement).
28  That said, this claim still fails for two reasons. First, plaintiffs did not bring their

claim for violation of § 1174(d) pursuant to § 2698.  See SAC ¶¶ 99-107.

Second, even if the court construed this claim as properly brought under § 2698, it rests on only the unverified and conclusory allegation that defendant "failed to comply with § 7 of IWC Order 4-2001 and with Labor Code § 1174 by failing to maintain certain records which employers are required to maintain, including but not limited to . . ." Id. ¶ 101.  As courts have explained, such an allegation, particularly when made on information and belief, "does not demonstrate beyond a highly speculative level that [the employer] may actually be engaged in unlawful record-keeping practices." Kemp v. Int'l Bus. Machines Corp., 2010 WL 4698490, at *4 (N.D. Cal. Nov. 8, 2010).  Accordingly, the court dismisses the claim for failure to maintain required records.

### 5. Plaintiffs Fail to State a Business & Professions Code § 17200 Claim

California Business & Professions Code § 17200 generally prohibits business practices that are unlawful, unfair, or deceptive.  Cal. Bus. & Prof. Code § 17200.  A practice is unlawful if it is forbidden by law.  Walker v. Countrywide Home Loans, Inc., 98 Cal. App. 4th 1158, 1170 (2002).  Thus, § 17200 "creates an independent action when a practice violates some other law." Id.

The parties agree that the § 17200 claim rises or falls with the alleged violations of the above-referenced labor laws.  Compare Dkt. 39 at 17-18 ("For the reasons outlined above, Plaintiffs still fail to plead any predicate Labor Code violation.  As a result, Counts VII and VIII, which allege claims under [§ 17200] and PAGA, should again be dismissed.") with Dkt. 40 at 16 ("Lastly, Plaintiffs have stated plausible claims of relief on each of their predicate claims.  Therefore, the Court should deny the motion as to Plaintiffs' claims under [§ 17200] and PAGA in Counts VII and VIII.").  As detailed above, plaintiff fail to proffer sufficient facts to state a claim based on a predicate violation of Labor Code §§ 201-04, 1194, § 226, § 1174.5, as well as Title 29 U.S.C. § 206 and § 207.  Given those failures, plaintiffs lack a basis to substantiate their § 17200 claim.  Thus, the court dismisses the § 17200 claim.

///

### 6. Plaintiff Fail to State a Claim under PAGA

As previously indicated, California's Private Attorneys General Act is codified at Labor Code § 2698, *et. seq.*.  In relevant part, § 2699 provides the following:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3. Cal. Lab. Code § 2699(a).

As the court noted in its prior order, "[w]hile § 2699.3 does not explicitly state it, courts in this district have recognized that "after exhausting these administrative remeides, a party bringing a civil action must ***plead*** compliance with the pre-filing notice and exhaustion requirements." Dkt. 36 at 23 (citing Thomas v. Home Depot USA Inc., 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007) (emphasis added)).

This claim fails for three reasons.  As an initial matter, the parties similarly agree that the § 2698 claim rises or falls with plaintiff's alleged predicate violation of the labor laws analyzed above.  Compare Dkt. 39 at 17-18 with Dkt. 40 at 16.  Given that plaintiffs fail to allege sufficient facts to state a predicate violation of the various labor laws at issue, plaintiffs lack a basis to substantiate their § 2698 claim.

Second, plaintiffs fail to allege compliance with § 2699.3's procedural requirements.  In its prior order, the court singled-out that plaintiff "failed to allege that the LWDA [Labor and Workforce Development Agency] provided 'no notice' within 65 days of [plaintiffs'] notice of defendant's alleged violations to that agency." Dkt. 36 at 23.  To be sure, the SAC remedies that deficiency.  SAC ¶ 153 ("No notice was provided by the LWDA regarding any intentions to investigate the alleged violations.").

However, as the court also noted, § 2699.3 sets forth "***numerous*** procedural requirements that an aggrieved employee must comply with prior to bringing a claim under § 2699(a)." Dkt. 36 at 23 (emphasis added).  Among other conditions, § 2699.3 requires plaintiffs to provide the LWDA "written notice ***by online filing***." Cal. Lab. Code §

2699.3(a)(1)(A). Plaintiffs, however, allege only that they "provided written notice **by certified mail** to the LWDA . . . of the specific provisions of the California Labor Code alleged to have been violated . . ." SAC ¶ 153 (emphasis added). Plainly, these two methods of notice are different. Thus, plaintiffs again fail to allege their compliance with § 2699.3's procedural requirements.[3]

Additionally, the notice to the LWDA must detail "the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Lab. Code § 2699.3(a)(1)(A). Plaintiffs, however, allege only that the subject notice "includ[ed] the facts and theories to support the alleged violations." SAC ¶ 153. Critically, they fail to proffer any description of the facts, theories, or specific provisions that they included in their notice. Absent such details, the § 2698 claim rests on conclusory allegations that the court need not (and will not) assume true for purpose of this motion. Varsam v. Lab. Corp. of Am., 120 F. Supp. 3d 1173, 1183 (S.D. Cal. 2015) ("Plaintiff should plead what 'facts and theories,' which would qualify as sufficient notice, have been provided to the LWDA. Without these sorts of factual details, Plaintiff is only asserting a legal conclusion, insufficient to support a claim."). Given the above, the court dismisses the § 2698 claim.

**7.     Plaintiffs Fail to State a Claim for Willful Misclassification**

Prior to its repeal on September 4, 2020,[4] California Labor Code § 2750.3 provided the following:

> (a)(1) For purposes of the provisions of this code . . . a person providing labor or services for remuneration shall be considered an employee rather than an independent contractor unless the hiring entity demonstrates that all of the following

---

[3] While the difference in these methods of notice might seem trivial, they are not. The California state legislature specifically contemplated the updated method. Compare Cal. Lab. Code § 2699.3(a)(2)(A) (eff. Oct. 21, 2015 through June 26, 2016) (requiring notice to LWDA by certified mail).

[4] Neither plaintiffs nor defendant provided any statement of recent decision or supplemental briefing addressing the effect of § 2750.3's repeal. Given that, the court will assume, for purpose of this motion, that such repeal does not affect plaintiffs' claims to the extent they rest on violations that occurred **before** September 4, 2020.

15

> conditions are satisfied:
>
> (A) The person is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact.
>
> (B) The person performs work that is outside the usual course of the hiring entity's business.
>
> (C) The person is customarily engaged in an independently established trade, occupation, or business of the same nature as that involved in the work performed. Cal. Lab. Code § 2750.3(a)(1) (eff. Jan. 1, 2020 to Sept. 3, 2020).

This section codified the California Supreme Court's 2018 decision in Dynamex Operations West, Inc., which adopted the above standard for determining a worker's employment status. Courts often refer this standard as the "ABC test."

To substantiate their claim for willful misclassification, plaintiffs assert that since the California Supreme Court issued its decision in Dynamex, defendant "intentionally misclassified Plaintiffs and other Class Members as independent contractors when they were employees under the law." SAC ¶ 4.

Defendant argues that this claim fails for two reasons. First, plaintiffs do not maintain a private right of action to enforce defendant's alleged violation of § 2750.3. Dkt. 39 at 19-20. Defendant also points out that, to the extent plaintiff seeks to enforce as a private attorney general under § 2698, plaintiffs fail to allege their compliance with § 2699.3's procedural requirements. Dkt. 39 at 20. Second, plaintiffs fail to allege sufficient facts showing that, to the extent defendant misclassified their employment, it did so willfully. Id. at 21.

This claim fails for two reasons. First, § 2750.3 does not provide any indication that the California state legislature intended this section to provide plaintiffs a private right of action to enforce its violation. Farmers Ins. Exch. v. Superior Court, 137 Cal. App. 4th 842, 849-50 (2006) ("A statute creates a private right of action only if the enacting body so intended."). To the contrary, as defendant points out, § 2750.3 contemplates only public enforcement of its provisions. Cal. Lab. Code § 2750.3(j) ("In addition to any other remedies available, an action for injunctive relief to prevent the continued

misclassification of employees . . . may be prosecuted against the putative employer in a court of competent jurisdiction **by the Attorney General or by a city attorney** of a city having a population in excess of 750,000 . . .") (emphasis added).

To the extent plaintiffs alternatively assert that they may bring this claim under § 2698, Dkt. 40 at 17-18, such assertion is misplaced. As a formal matter, plaintiffs fail to allege that they brought this claim pursuant to § 2698. See SAC ¶¶ 157-64. Again, such a failure is material because, to validly act as a private attorney general, a private litigant must allege its compliance with § 2699.3's procedural requirements. In any event, even if the court generously construed the willful misclassification claim as brought under § 2698, for the reasons detailed above (Section B.6.), plaintiffs fail to allege their compliance with those procedural requirements.

Second, as also pointed out by defendant, plaintiffs fail to allege any non-conclusory facts showing that defendant acted willfully in their employment classification practices. Given the above, the court dismisses the willful misclassification claim.

### 8. The Court Permits Plaintiffs Leave to Amend in Part

A district court "should grant [a] plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations," however, dismissal without leave "is proper if it is clear that the complaint could not be saved by amendment." Somers, 729 F.3d at 960. Relevant here, the Ninth Circuit has recognized that in circumstances "where plaintiff has previously amended the complaint," the district court's discretion to deny further leave "is particularly broad." Metzler Inv. GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1072 (9th Cir. 2008).

The court has already permitted plaintiffs an opportunity to amend their pleadings. However, the court understands that its prior order generally identified the FAC's factual defects. It did not call out all factual deficiencies in each claim. Given that, the court cannot yet conclude that it would be futile to permit plaintiffs further leave to amend their claims for (1) failure to pay minimum wage and overtime, (2) failure to provide accurate wage statements, (3) failure to pay timely wages, and incident to the above claims, (4)

unlawful business practices under § 17200.

To be sure, the court appreciates defendants' citation to Tan v. GrubHub, Inc. and Yucesoy v. Uber Techs., Inc., for the proposition that minimum wage and overtime claims are subject to dismissal where, as here, a plaintiff fails to explain why the subject waiting time qualifies as legally compensable. Dkt. 39 at 14-15. However, neither of those cases analyze the scope or import of Wage Order 4's suffered or permitted to work clause. Indeed, the minimum wage and overtime claims considered by Judge Chen in Yucesoy arose under Massachusetts law, ***not*** California law. 2015 WL 6955140, at *3 (N.D. Cal. Nov. 10, 2015) ("Plaintiffs' final two claims allege that Uber failed to pay drivers required minimum wages or overtime under Massachusetts law."). Further, Judge Corley's analysis in Tan focused solely on California state decisional law interpreting the "subject to control" clause. 171 F. Supp. 3d at 1009-10. It omits any reference to the suffered or permitted to work clause, which, as the California Supreme Court has explained, serves as an "independent factor" for defining the compensability of "hours worked" under California law. Flrekin, 8 Cal. 5th at 1046.

In any amended pleading, plaintiffs must specify which clause under Wage Order 4 serves as the basis for their alleged "hours worked." They must also identify the authority they rely on to support their position that the time spent waiting between rides qualifies as compensable. Then, they must allege sufficient, non-conclusory facts showing that their alleged waiting time between rides fits within that authority. They must follow these exact same steps with respect to their federal law claims for minimum wage and overtime.

The court dismisses the remaining claims with prejudice. It finds that further leave to amend the claims for failure to maintain business records and willful misclassification would be futile because such claims do not provide for a private right of action. The court also finds that further leave to amend the PAGA claim would be futile because, in their opposition, plaintiffs did not provide any non-conclusory response to defendant's argument that they fail to allege that their notice to the LWDA contained the relevant

"facts and theories" to support the violations at issue.  Compare Dkt. 39 at 18-19 with Dkt. 40 at 16-17.  Given that plaintiffs must comply with PAGA's procedural requirements before filing a claim under its provisions, their apparent failure to provide the LWDA with the facts and theories supporting their claims is something that they cannot now cure.

## CONCLUSION

For the above reasons, the court **GRANTS** defendant's motion to dismiss Glinoga's, Gonzalez's, and Neely's claims.  The claims for failure to maintain business records and willful misclassification, as well as the claim brought under PAGA, are dismissed with prejudice.  The remaining claims for failure to pay minimum wage and overtime, failure to provide accurate wage statements, failure to pay timely wages, and for unlawful business practices under § 17200 are dismissed with leave to amend.

The court permits plaintiffs **28 days** from the date of this order to file an amended complaint correcting the deficiencies only in the claims dismissed without prejudice.  If plaintiffs fail to either correct the various factual deficiencies in those claims or follow the steps outlined above with respect to their minimum wage or overtime claims, the court will dismiss the subject claims with prejudice.  Plaintiffs may not otherwise amend their complaint absent leave of court or consent of defendant.  Upon the filing of any amended complaint, plaintiffs must also file ***as an attachment*** a redline clearly demarcating its changes from the existing complaint.

**IT IS SO ORDERED.**

Dated: December 7, 2020

/s/ Phyllis J. Hamilton  
PHYLLIS J. HAMILTON  
United States District Judge