SHANNON LISS-RIORDAN, SBN 310719
(sliss@llrlaw.com)
ANNE KRAMER, SBN 315131
(akramer@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

*Attorneys for Proposed-Intervenors
Christopher James and Spencer Verhines,
on behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERICHO NICHOLAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 4:19-cv-08228-PJH<br><br>**PROPOSED INTERVENORS' ADMINISTRATIVE MOTION TO STAY RULING PENDING FORTHCOMING MOTION TO INTERVENE**<br><br>L.R. 7-11<br><br>Hon. Phyllis Hamilton |

Pursuant to N.D. Cal. Civil Local Rules 7-11(a), Proposed Intervenors Christopher James and Spencer Verhines, on behalf of the certified class of drivers they represent (hereinafter "James Plaintiffs") move the Court to stay any ruling on Defendant's pending Motion to Dismiss Plaintiffs' Third Amended Complaint (Dkt. 46) until a decision can be reached on the James Plaintiffs' forthcoming Motion to Intervene, which they plan to file as soon as possible.

In support of this request, the James Plaintiffs state that the Honorable Edward M. Chen of this Court recently certified a class of drivers in the James case on their claims against Defendant Uber Technologies Inc. for independent contractor misclassification and resulting Labor Code violations, including for expense reimbursement and failure to provide accurate pay statements.  See James v. Uber Techs. Inc., No. 19-CV-06462-EMC, 2021 WL 254303, at *1 (N.D. Cal. Jan. 26, 2021).  In that decision, the Court held that "Proposition 22 does not apply retroactively." Id. at *17.  This certified class is coextensive with the class of drivers that the Plaintiffs in this case seek to represent (namely, drivers who worked between March 1, 2019 and December 16, 2020, and who opted out of arbitration).  See Dkt. 44 (Third Amended Complaint) at ¶ 60 ("Plaintiffs seek to represent a class composed of and defined as follows: 'All persons who worked as ride-share drivers for UBER (hereinafter referred to as 'Ride-share drivers'), from March 1, 2019 to the present, who opted out of both the 2015 and 2019 arbitration provisions.").  Indeed, the pay statement claim that the Plaintiffs here seek to bring has already been certified in the James action.  Id. at ¶¶ 109-110.

Because of the risk of inconsistent rulings, this Court should stay any ruling on Defendant's pending Motion to Dismiss in this case (particularly on the issue of the retroactivity of Proposition 22) and should instead allow time for the James Plaintiffs to move to intervene in

this case so as to move for a stay of this action until the misclassification issue can be resolved in the parallel James case, which was filed prior to this case.[1]

DATED:     March 10, 2021

By: /s/ Shannon Liss-Riordan
Shannon Liss-Riordan
Attorney for Proposed Intervenors

---

[1] This James case was originally filed as Colopy v. Uber Techs. Inc., Civ. A. No. 3:19-cv-06462-EMC (N.D. Cal.), on October 8, 2019, more than two months before the Nicholas case was filed on December 18, 2019. See Dkt. 1.

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by electronic filing on March 10, 2021, on all counsel of record.

By: /s/ Shannon Liss-Riordan
Shannon Liss-Riordan