| | |
|---|---|
| 1 | GIBSON, DUNN & CRUTCHER LLP |
| 2 | THEODORE J. BOUTROUS JR., SBN 132099<br>  tboutrous@gibsondunn.com |
| 3 | THEANE EVANGELIS, SBN 243570<br>  tevangelis@gibsondunn.com |
| 4 | BLAINE H. EVANSON, SBN 254338<br>  bevanson@gibsondunn.com |
| 5 | HEATHER RICHARDSON, SBN 246517<br>  hrichardson@gibsondunn.com |
| 6 | PETER C. SQUERI, SBN 286249<br>  psqueri@gibsondunn.com |
| 7 | 333 South Grand Avenue<br>Los Angeles, CA  90071-3197 |
| 8 | Telephone: 213.229.7000<br>Facsimile:  213.229.7520 |
| 9 | Attorneys for Defendant UBER TECHNOLOGIES, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTOPHER JAMES and SPENCER VERHINES, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | CASE NO. 3:19-CV-06462-EMC<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: Hon. Edward M. Chen<br>Action Filed: October 8, 2019<br>Trial Date: None Set |

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................................................... 1

II.   ARGUMENT ......................................................................................................................... 2

    A.    Plaintiffs Failed to Include a Stipulation or Declaration as Required by Local Rule 7-11 ........................................................................................................................ 2

    B.    This Case and *Nicolas* Involve Different Parties and Claims ........................................ 2

    C.    Relating Cases at This Stage Would *Cause*, Not Prevent, Duplication ........................ 3

    D.    There Is No Risk of Conflicting Rulings ....................................................................... 4

III.  CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dynamex Operations W. v. Superior Ct.*,
  4 Cal. 5th 903 (2018) ................................................................................................................3

*Elec. Frontier Found. v. C.I.A.*,
  2012 WL 1123529 (N.D. Cal. Apr. 3, 2012) ..............................................................................2

*Hodges v. Akeena Solar, Inc.*,
  2010 WL 2756536 (N.D. Cal. July 9, 2010) ..............................................................................3

*Physicians Comm'n for Responsible Med. v. Tyson Foods, Inc.*,
  199 Cal. App. 4th 120 (2004) .....................................................................................................5

*Skilstaf, Inc. v. CVS Caremark Corp.*,
  669 F.3d 1005 (9th Cir. 2012) ....................................................................................................3

*ZB, N.A. v. Superior Ct.*,
  8 Cal. 5th 175 (2019) ..................................................................................................................3

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................................2

N.D. Cal. L.R. 3-12 .......................................................................................................................2, 4

N.D. Cal. L.R. 7-11 ............................................................................................................................2

## I. INTRODUCTION

Plaintiffs' motion to relate this case to *Nicolas v. Uber*—about which Plaintiffs have known for at least eight months—is pure gamesmanship. *Nicolas* involves claims and parties not at issue here and therefore is not "related" to this case. Moreover, *Nicolas* was filed fifteen months ago, and Judge Phyllis J. Hamilton has decided several motions in *Nicolas*, including a motion to compel arbitration and two motions to dismiss, and has heard argument on a third motion to dismiss. Judge Hamilton already rejected Plaintiffs' attempt to interfere in *Nicolas* and get the case stayed. This Court should not award the same relief Judge Hamilton already refused.

Plaintiffs feign surprise at *Nicolas*, claiming that they "recently became aware of the pendency of the *Nicholas* case." Dkt. 156 (Mot.) at 3. But that is simply false. In July 2020, Plaintiffs moved to relate this case to *another* misclassification case pending before Judge Hamilton, *Hassell v. Uber* (also brought by Plaintiffs' counsel). Dkt. 82. Uber opposed that motion, explaining that reassignment was unnecessary because Judge Hamilton has experience from presiding over *Nicolas*. Dkt. 83 at 2. This Court agreed with Uber, and declined to relate the cases. Dkt. 84. Plaintiffs' claim now that they only recently learned about *Nicolas* is incorrect.

Last week, Plaintiffs filed a motion to stay *Nicolas* until they could move to intervene (*see Nicolas* Dkt. 55), but Judge Hamilton (correctly) denied their motion the next day. *See Nicolas* Dkt. 59. Plaintiffs now seek an end run around Judge Hamilton's order, attempting to relate *Nicolas* so they can ask this Court for the relief in *Nicolas* they were denied by Judge Hamilton. Mot. 5.

Plaintiffs' gambit is obviously strategic: Plaintiffs are concerned that "Judge Hamilton is poised to rule on th[e] issue" of whether Proposition 22 abates the California claims in the *Nicolas* case, such that the *Nicolas* plaintiffs' complaint should be dismissed, and "she appears to have indicated agreement with Uber's argument." Dkt. 156 (Mot.) at 3 n.2. Waiting fifteen months to file a motion to relate, based on the expected outcome in a motion in another case, is completely inappropriate.

Plaintiffs' motion should be denied for several reasons. First, the *Nicolas* plaintiffs (almost all of whom have been compelled to arbitration) bring claims under the Federal Labor Standards Act and the Private Attorneys General Act, neither of which is alleged here. *Nicolas* thus involves different parties and claims than this case. Second, given that Judge Hamilton has already considered four

1 dispositive motions, and has completed everything short of ruling on the fourth motion, reassigning the case would *cause* (not prevent) "unduly burdensome duplication of labor and expense." Third, none of the issues Judge Hamilton is considering on Uber's third motion to dismiss have been decided by this Court: This case does not involve federal claims, the *Nicolas* plaintiffs' attempt to plead the details of their wage-and-hour claims is not at issue, and this Court has not yet had occasion to consider whether Plaintiffs' claims should be abated due to Proposition 22. There is therefore no risk of "conflicting results" between the two cases. The Court should deny the motion.

## II.     ARGUMENT

An Administrative Motion to Consider Whether Cases Should Be Related must "comply[] with Civil L.R. 7-11." L.R. 3-12(b). The movant must show that "(1) [t]he actions concern substantially the same parties, property, transaction or event; *and* (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(a) (emphasis added). Plaintiffs have met none of these requirements.

### A.     Plaintiffs Failed to Include a Stipulation or Declaration as Required by Local Rule 7-11

As a threshold matter, Plaintiffs have failed to comply with Local Rule 7-11's requirement that their administrative motion "must be accompanied by … either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." L.R. 7-11(a). They never so much as notified Uber of their intent to file the motion—much less engaged in any meet-and-confer process or made any efforts to obtain a stipulation. Violations of this rule "are not condoned." *Elec. Frontier Found. v. C.I.A.*, 2012 WL 1123529, at *1 (N.D. Cal. Apr. 3, 2012).

### B.     This Case and *Nicolas* Involve Different Parties and Claims

The cases are not related because they do not "concern substantially the same parties, property, transaction or event." *Nicolas* was brought by 49 individual plaintiffs, none of whom are named Plaintiffs here and none of whom will be members of the class because they have retained their own counsel. *See* Fed. R. Civ. P. 23(c)(2)(B)(iv)–(v). Moreover, 46 of the 49 *Nicolas* plaintiffs did *not* opt out of arbitration, as Judge Hamilton has ruled (*Nicolas* Dkt. 36 at 8–10), and thus do not even fall within the class definition here (Dkt. 143 at 5, 26).

The fact that this Court has certified a class does not affect Judge Hamilton's ability to rule in

*Nicolas*. No class has been certified in *Nicolas*, and Judge Hamilton's ruling on Uber's motion to dismiss *Nicolas* will bind only the individual named Plaintiffs in that case. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1020 (9th Cir. 2012) ("the unnamed members of this putative class are not bound by the decision to dismiss Skilstaf's claims").

*Nicolas* also includes many claims not alleged here—including two FLSA claims, PAGA claims, and claims under California Labor Code §§ 201, 202, 203, 204, 218.5, 218.6, 1194.2, and 1197, and Wage Order No. 4-2001 § 3(A). Federal law employs a different standard for worker classification than California. *See Dynamex Operations W. v. Superior Ct.*, 4 Cal. 5th 903, 954 (2018). And PAGA allows only civil penalties (*ZB, N.A. v. Superior Ct.*, 8 Cal. 5th 175, 188 (2019)), which Plaintiffs do not seek here. Plaintiffs' motion fails to mention these claims in *Nicolas* not presented in this case.

To be sure, both cases generally concern the classification of some drivers who use the Uber Rides app. But that is also true of, for example, *Liu v. Uber Technologies Inc.*, No. 3:20-cv-07499-VC, which Plaintiffs' counsel filed in this district and which they have never tried to relate to this case (probably because it, like *Nicolas*, involves federal law). It is simply not true that every case in which the classification of a driver who uses the Uber app must be "related" for purposes of Rule 3-12(a). *See, e.g.*, *Hodges v. Akeena Solar, Inc.*, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010) ("the Court finds that although the two actions concern substantially the same transaction and events, the legal claims, named defendants, and procedural posture are different").

### C. Relating Cases at This Stage Would *Cause*, Not Prevent, Duplication

Judge Hamilton has presided over *Nicolas* for fifteen months, and during that time has ruled on several motions. A *third* motion to dismiss was argued on February 25, 2021 (*see Nicolas* Dkt. 51) and could be decided any day. If Plaintiffs are correct that Judge Hamilton seems inclined to grant that motion (Mot. 3 n.2), then it is unclear what duplication they think relating the case would prevent.

It is also unclear how the Court would combine the cases at this late stage. *Nicolas* asserts federal and PAGA claims that are not at issue in this case. Plaintiffs obviously did not move in this case for class certification of those (unpleaded) claims, and they could not be simply added to the certified class without another round of class certification briefing.

Plaintiffs suggest that the Court simply stay *Nicolas* (Mot. 4–5)—the very relief Judge Hamilton

denied them last week, and which Plaintiffs have repeatedly opposed in this case.[1]  But the individual plaintiffs in *Nicolas* have chosen their own counsel, and they have elected to prosecute their own actions (including additional claims Plaintiffs do not bring here).  There is no basis for a stay.

Plaintiffs attempt to shift the blame to Uber, noting that Uber did not move to relate the cases earlier.  Mot. 3.  But that is because, as discussed above, the cases are *not* related.  If Plaintiffs disagreed, they should have notified the Court earlier.  Waiting fifteen months while Judge Hamilton ruled on several motions and only *now* raising this issue with the Court cannot be blamed on Uber.

Plaintiffs' claim to have only recently become aware of *Nicolas* is false.  Uber informed them—and this Court—of *Nicolas* in July 2020.  On July 20, Uber opposed Plaintiffs' motion to relate another case pending before Judge Hamilton (and brought by their counsel), *Hassell*, because Judge Hamilton already is presiding over *Nicolas* and has acquired familiarity with the misclassification issues from her experience with that case.  Dkt. 83 at 2 & n.4.  Uber described exactly those features of *Nicolas* that Plaintiffs now—eight months later—say make it related:  "In *Nic[]olas*, plaintiffs assert class claims for wage and hour violations resulting from Uber's alleged misclassification of the drivers who use the Uber app and rides marketplace to generate business from riders."  *Id.* at 2.  Plaintiffs' opportunity to disagree with that description was eight months ago.

Plaintiffs point to no "unduly burdensome duplication of labor and expense … if the cases are conducted before different Judges."  L.R. 3-12(a)(2).  To the contrary, relating the case and taking it away from Judge Hamilton would just waste the work she has already put into the case, without any ability to combine it with this case.

### D.   There Is No Risk of Conflicting Rulings

None of the arguments presented in Uber's third motion to dismiss in *Nicolas* have been litigated in this case, and Plaintiffs provide no basis for assuming there will be a conflict if Judge Hamilton is permitted to issue her decision on that motion.

---

[1] Plaintiffs opposed Uber's administrative motion to postpone the class certification hearing until the California Court of Appeal ruled in the case brought by the Attorney General, arguing that a "stay … pending resolution of a separate, independent action[] is particularly disfavored by the courts."  Dkt. 90 at pp. 3–4 & n.5 (collecting cases).  This Court agreed.  Dkt. 91.  Plaintiffs likewise argued that the Court should decide Uber's motion to dismiss rather than wait for the Attorney General's case because "there are claims that we have in this case that are not in the state case."  Dkt. 78 (June 25, 2020 Tr.) at 19:7–8.  Again, this Court agreed.  Dkt. 73.

Uber moved to dismiss the *Nicolas* complaint for failure to allege facts showing that the *Nicolas* plaintiffs are employees under FLSA, for failure to allege details of their individual experiences that would state wage-and-hour claims, and because Prop 22 has abated their California claims. None of those issues have been presented or decided in this case. There is not even an FLSA claim in this case; the *Nicolas* plaintiffs' allegations experiences were never at issue here (and this case has proceeded past the pleadings in any event); and Uber has not yet raised abatement in this case. However Judge Hamilton decides these issues, it will not conflict with any ruling of this Court.

Plaintiffs argue that, if Judge Hamilton dismisses the *Nicolas* plaintiffs' complaint on the grounds of abatement, that will conflict with this Court's statement in its class certification order that "Proposition 22 does not apply retroactively." Mot. 2–4. That is incorrect. Abatement "presents entirely distinct issues from that of prospective or retroactive application of a statute." *Physicians Comm'n for Responsible Med. v. Tyson Foods, Inc.*, 199 Cal. App. 4th 120, 125 (2004). A ruling by Judge Hamilton dismissing *Nicolas* based on abatement would not conflict with this Court's statement about Proposition 22's retroactivity. Moreover, as Uber explained in its motion to clarify or reconsider (*see* Dkt. 144), the Court's statement in its class-certification order was not a ruling on the merits. Nor could it have been, given the rule against one-way intervention. *See id.* at 4–5; Dkt. 149 at 2–3.

It is *Plaintiffs* who ask the Court to issue a ruling in conflict with Judge Hamilton. On March 10, 2021—more than a month *after* briefing was complete on Uber's motion to dismiss, and thirteen days after the hearing on that motion—Plaintiffs James and Verhines filed an administrative motion asking Judge Hamilton to stay issuance of her decision on the motion to dismiss. *Nicolas* Dkt. 55. Judge Hamilton denied the motion the next day. *Nicolas* Dkt. 59. Plaintiffs suggest that the Court should reassign *Nicolas* to itself so that it can "stay[] the *Nic[]olas* action." Mot. 4–5. But Judge Hamilton already has ruled that the case will *not* be stayed to wait for James and Verhines to try to intervene. *Nicolas* Dkt. 49. In other words, Plaintiffs are now asking this Court to *reverse* Judge Hamilton's ruling on their motion to stay. That is blatantly improper.

### III.   CONCLUSION

The Court should deny Plaintiffs' belated request to relate this case with *Nicolas*.

Dated: March 15, 2021

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Theane Evangelis*
　　　　Theane Evangelis

Attorney for Defendant UBER TECHNOLOGIES, INC.