| | |
|---|---|
| ALLEN PATATANYAN, SBN 210586<br>allen@westcoasttriallawyers.com<br>NEAMA RAHMANI, SBN 223819<br>nr@westcoasttriallawyers.com<br>RONALD L. ZAMBRANO, SBN 255613<br>ron@westcoasttriallawyers.com<br>WEST COAST TRIAL LAWYERS, APLC<br>1147 South Hope Street<br>Los Angeles, CA 90015<br>Telephone: 213.927.3700<br>Facsimile: 213.927.3701<br><br>Attorneys for Plaintiffs<br>JERICHO NICOLAS<br>and others similarly situated | THEANE EVANGELIS, SBN 243570<br>tevangelis@gibsondunn.com<br>BLAINE H. EVANSON, SBN 254338<br>bevanson@gibsondunn.com<br>HEATHER L. RICHARDSON, SBN 246517<br>hrichardson@gibsondunn.com<br>BRANDON J. STOKER, SBN 277325<br>bstoker@gibsondunn.com<br>SAMUEL ECKMAN, SBN 308923<br>seckman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>Attorneys for Defendant<br>UBER TECHNOLOGIES, INC. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERICHO NICOLAS, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　　Defendant. | CASE NO. 4:19-cv-08228-PJH<br><br>**JOINT STATUS REPORT**<br><br>Judge:  Hon. Phyllis J. Hamilton |

Plaintiffs Jericho Nicolas and others similarly situated, and Defendant Uber Technologies, Inc., by and through their counsel of record, respectfully submit this Joint Status Report pursuant to the Court's September 11, 2024, order.

On July 17, 2020, the Court granted Defendant's motion to compel arbitration with respect to the Labor Code § 2698 et seq. (PAGA) claims brought by 45 Plaintiffs and stayed those claims pending arbitration. On May 20, 2021, the Court granted Defendant's motion to dismiss the remaining claims.

On September 11, 2024, the Court ordered the parties to submit a joint status report regarding the status of the arbitrations within 30 days of the order (October 11, 2024).

Plaintiffs' Position:

While all of the arbitrations have concluded, Plaintiffs are not prepared to dismiss the action yet. Specifically, Steven Robert Callahan, Jorge Diaz, Yazmin Diaz, and Barton Lasheem are all drivers represented by Plaintiffs' counsel that UBER stated it does not have driver data for. Plaintiffs' counsel respectfully requests the status report be continued sixty (60) days to allow for Plaintiffs' counsel to investigate whether the above-mentioned drivers drove for Uber in the applicable period. Without such data and opportunity to analyze and assess the same, Plaintiffs' counsel cannot dismiss this action.

Defendant's Position:

All of the arbitrations have been resolved, and the Court should dismiss the case. Plaintiffs do not dispute that 41 of the 45 Plaintiffs have released their claims or never drove using Uber and thus should be dismissed. They dispute only what should be done with the remaining four.

As Plaintiffs note, Uber has no data suggesting that Steven Robert Callahan, Jorge Diaz, Yazmin Diaz, or Barton Lasheem ever drove using the Uber app. There is no account associated with Jorge Diaz at all. And although the other three have accounts, they reflect no miles driven. In other words, to the best of Uber's knowledge, none of the four Plaintiffs listed ever drove using the Uber app. Uber communicated this information to Plaintiffs after the Court compelled them to arbitration in July 2020. Dkt. 36.

These four Plaintiffs never filed any arbitration demands in the more than four years since this Court compelled them to arbitrate their claims. And they have never come forward with any evidence—no declarations, 1099 tax forms, pay statements, transaction records, emails regarding completion of sign-up flow steps, screenshots of the driver app on their phone, or anything else—that they ever used the Uber app as a driver.

Accordingly, when the Court ordered the parties to prepare a joint status report, Uber prepared a draft asking for dismissal. Plaintiffs initially responded by arguing that 15 Plaintiffs could not be dismissed. Uber reminded Plaintiffs that 10 of those they listed had already released their claims, and Plaintiffs' counsel spoke with one of the other clients and confirmed that she never drove using the Uber app. Plaintiffs, however, maintain that the remaining four should not be dismissed yet. Uber asked Plaintiffs for their basis for keeping these claims in court after they failed to pursue their claims

in arbitration or come forward with evidence after four years, but Plaintiffs have not provided any explanation.

Uber therefore requests that the Court dismiss all remaining Plaintiffs but Steven Robert Callahan, Jorge Diaz, Yazmin Diaz, and Barton Lasheem.  As to those four, the Court should issue an order directing them to initiate arbitration within 30 days or else face dismissal for failure to prosecute.  Courts regularly issue such orders and dismiss plaintiffs who do not initiate arbitrations within the allotted time,[1] and the Ninth Circuit has affirmed this approach.[2]

| | |
|---|---|
| DATED: October 11, 2024 | Respectfully submitted, |
| | WEST COAST TRIAL LAWYERS, APLC |
| | By: /s/ Ronald Zambrano |
| | Ronald L. Zambrano |
| | Attorneys for Plaintiffs JERICHO NICOLAS and others similarly situated |
| DATED: October 11, 2024 | GIBSON, DUNN & CRUTCHER LLP |
| | By: /s/ Theane Evangelis |
| | Theane Evangelis |
| | Attorneys for Defendant UBER TECHNOLOGIES, INC. |

---

[1] *See, e.g.*, *Ayeni-Aarons v. Best Buy Credit Servs./CBNA*, 2023 WL 4373700, at *1 (E.D. Cal. July 6, 2023); *First World Ltd. v. MIBC Holdings Ltd.*, 2022 WL 16636956, at *2 (D. Nev. Nov. 2, 2022); *Roberts v. v. Synergistic Int'l, LLC*, 2010 WL 4853478, at *4 (E.D. Cal. Nov. 12, 2010); *Vista Enterprises, Inc. v. Actus Corp.*, 2005 WL 8173295, at *2 (S.D. Cal. Nov. 7, 2005); *Horton-Hodges v. Charles Schwab & Co.*, 2000 WL 52276, at *3 (N.D. Cal. Jan. 18, 2000).

[2] *See, e.g.*, *Mikhak v. Univ. of Phoenix, Inc.*, 768 F. App'x 740, 740 (9th Cir. 2019); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 654 (9th Cir. 1991).

**DECLARATION OF FILER PURSUANT TO CIVIL LOCAL RULE 5-1(i)**

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the signatories.

DATED: October 11, 2024                    GIBSON, DUNN & CRUTCHER LLP.


By: */s/ Theane Evangelis*
      Theane Evangelis